**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernard Hugh CHASE,
Defendant-Appellant.**

**No. 81–1448.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 19, 1982.*

Decided Sept. 27, 1982.

As Amended Nov. 12, 1982.

Bartom C. Sheela, Jr., San Diego, Cal., for defendant-appellant.

John Robinson, Asst. U. S. Atty., on the brief, M. James Lorenz, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Appeal from the United States District Court for the Southern District of California.

Before WALLACE, KENNEDY and HUG, Circuit Judges.

PER CURIAM:

Chase appeals his convictions for narcotics offenses in violation of 21 U.S.C. § 841(a) and illegal use of a firearm in violation of 18 U.S.C. § 924(c)(2). He contends that: (1) the warrantless securing of his residence was unlawful because no exigency existed; (2) the fruits of a search of his residence should have been suppressed because the search warrant affidavit contained intentionally false information or information supplied with reckless disregard for the truth; and (3) the evidence is insufficient to support a conviction for illegal use of a firearm. We affirm.

---

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R. App. P. 34(a).

Eisenberg was arrested for drug related offenses and, thereafter, cooperated with Narcotics Task Force (NTF) agents in soliciting a sale of cocaine from Chase. By prearrangement, NTF agents observed Eisenberg enter and leave Chase's residence and verified that he had purchased four ounces of cocaine. One of the NTF agents immediately left to secure a search warrant while other agents continued the surveillance of Chase's residence.

Approximately one-half hour later, the agents observed a woman leave Chase's residence and drive away in a station wagon. The NTF agents immediately radioed a uniformed patrolman to stop the vehicle. Deputy Skill stopped the car, driven by Houston, on the pretext of a stolen auto investigation. Both Deputy Skill and agent Dalton, who was also present at the Houston detention, testified that they knew that the stated reason for the stop (stolen auto investigation) was untrue. A search revealed no cocaine or weapons. Skill detained Houston for 15 to 30 minutes. During this time, Willette, who identified himself as Houston's attorney, stopped at the detention site. Willette asked "if everything was okay," and then left when reassured by Houston that it was. After Willette left, Dalton opined by radio that someone at the house would soon know of Houston's detention. At that point, the agents proceeded to enter and secure Chase's residence until the agent returned with the search warrant. Chase moved to suppress all evidence obtained as a result of the search of his residence including, among other things, 1,120 grams of cocaine and a .38 caliber pistol.

■ Relying upon *United States v. Allard*, 634 F.2d 1182 (9th Cir. 1980), Chase argues that by illegally detaining Houston the officers created the exigency that justified entry into his home. We need not reach this argument, however, as we conclude that Chase has no standing to challenge the legality of the Houston detention. In *Allard* the exigency was created as a result of conduct that violated the defendant's constitutional rights. Here the exi-

gency was created not by any alleged violation of Chase's constitutional rights, but by conduct alleged to have violated the rights of Houston.

■ If we were to find that the Houston detention was unlawful, any evidence acquired through the exploitation of the detention could be suppressed by Houston at her trial. See *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Chase, however, cannot argue that the warrantless search of his house is tainted without asserting Houston's fourth amendment rights vicariously. In *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Supreme Court reaffirmed the principle that fourth amendment rights are personal and may be enforced by exclusion of evidence only by one whose own legal rights and interests were infringed by the search and seizure. See *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 966, 22 L.Ed.2d 176 (1969); *Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960). It has been held that a defendant cannot challenge the legality of a search warrant on the ground that the information establishing probable cause for the warrant was obtained as a consequence of an illegal search or seizure of a third party. *United States v. Shovea*, 580 F.2d 1382, 1385–87 (10th Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978). See also *United States v. Davis*, 617 F.2d 677, 689 (D.C. Cir. 1979). There is no reason that this rule should not be applied equally when the evidence gathered as a consequence of the alleged illegal search is used to supply the exigent circumstances necessitating a warrantless search. In either case, the defendant "claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." *Jones v. United States, supra*, 362 U.S. at 261, 80 S.Ct. at 731; *see United States v. Glasgow*, 658 F.2d 1036, 1044 (5th Cir. 1981). We do not reach the question whether our decision would be different if the police had illegally detained

Houston for the purpose of securing information so that they could enter Chase's house. No such contention is made here, and there are no facts in the record to warrant such an assumption.

The district court's finding of exigent circumstances is not clearly erroneous. *United States v. Flickinger,* 573 F.2d 1349, 1354 (9th Cir.), *cert. denied,* 439 U.S. 836, 99 S.Ct. 119, 58 L.Ed.2d 132 (1978). Willette's knowledge of the stop led NTF agents reasonably to believe that Chase would soon be alerted to their presence. Because an agent went to obtain a warrant prior to the decision to secure Chase's residence and a factual basis supported the agents' belief that Chase would soon be alerted to their presence, this case is distinguishable from *United States v. Allard,* 600 F.2d 1301 (9th Cir. 1979). In addition, the officers could properly arrest Chase at the time they saw him. Under the circumstances of this case, they had a right to pursue him. *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). Once they had him detained in the front yard and he requested to go back into the house, the officers could stay at his elbow. *Washington v. Chrisman,* 455 U.S. 1, 6, 102 S.Ct. 812, 816, 70 L.Ed.2d 778 (1982).

We could hold that because the challenged information in the search warrant affidavit is not false and is not material, suppression is not required. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). But the showing required to mandate a *Franks* hearing was insufficient to raise the issue.

Viewing the record in a light favorable to the prosecution, the evidence was sufficient to show that Chase used a gun to commit the felony of possession of cocaine with intent to distribute. *United States v. Moore,* 580 F.2d 360 (9th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978).

AFFIRMED.