990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael P. MARVICH, Claimant-Appellant.
Real Property Located at 2695 Canary Drive, Costa Mesa,
California, Defendant.
 
 No. 91-56448.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 13, 1993.
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Claimant Michael Marvich appeals the district court's judgment of civil forfeiture pursuant to 21 U.S.C. § 881(a)(7) in favor of the United States. The district court found that the defendant real property, Marvich's home, was used, or intended to be used, to facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of Title 21 U.S.C., subchapter I, and that Marvich knew of such use.
 
 
 3
 The district court's judgment followed a non-jury trial at which direct testimony was taken by witness declarations, and at which all witnesses were cross-examined and examined on re-direct. Prior to trial, Marvich moved to suppress evidence found at the defendant property based upon alleged Fourth Amendment violations; Marvich's motion was heard concurrently with the trial and later denied. After trial, Marvich filed objections to the court's findings of fact and conclusions of law, and moved for a new trial. The district court overruled Marvich's objections and denied his motion, finding both "meritless." We affirm the district court's judgment of forfeiture.
 
 I.
 
 4
 Marvich's primary contention is that all of the evidence on which the forfeiture is based is the fruit of an illegal entry into and search of the defendant property pursuant to a warrant to arrest Collin Lee Quick. Marvich argues that the arrest warrant for Quick as a "parolee at large" was invalid because Quick was not on "parole" as defined by California law, and also argues that a Ninth Circuit panel in United States v. Quick, No. 88-5166, erroneously found that Quick was a parolee.
 
 
 5
 To the extent Marvich contests the validity of Quick's arrest warrant and actual arrest, we find that he has no standing. Marvich can not complain of violations of Quick's Fourth Amendment rights. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (Fourth Amendment rights are personal and may not be asserted vicariously; only defendants whose own Fourth Amendment rights have been violated may benefit from the exclusionary rule); United States v. Robertson, 833 F.2d 777, 779 (9th Cir.1987). Thus, we have no jurisdiction to decide whether Quick's arrest warrant was valid, nor whether this court in United States v. Quick erred in finding that Quick was on parole (not to mention that we have no authority to review the decision of another Ninth Circuit panel.)
 
 
 6
 Marvich also argues that the entry into his home to execute Quick's arrest warrant was illegal because it was based on the putatively invalid arrest warrant. As stated above, Marvich has no standing to challenge Quick's arrest. Taking Quick's arrest warrant therefore as valid, we conclude that the arresting officers were entitled to enter the defendant property to arrest Quick. Because Quick resided at the defendant property,[1] it was lawful for officers to enter the property to arrest Quick, and their entry does not violate any expectation of privacy on the part of Marvich. Robertson, 833 F.2d at 780. Marvich can not argue that the entry and ensuing search are tainted without asserting Quick's Fourth Amendment rights, which we have explained he may not do. See id. at 779 ("Even when officers make a blatantly pretextual arrest of one defendant that creates exigent circumstances justifying search of a second defendant's house, the second defendant may not challenge the legality of the arrest."); United States v. Chase, 692 F.2d 69, 70 (9th Cir.1982) (evidence gathered in a warrantless search of defendant's house as a consequence of an allegedly illegal detention of another person could potentially be suppressed by that person but not by defendant).
 
 II.
 
 7
 In his post-trial objections to the district court's proposed judgment and motion for a new trial, Marvich raised the argument, which he also presses in this appeal, that because Quick was only a house guest the entry into Marvich's home to arrest Quick violated the rule of Steagald v. United States, 451 U.S. 204 (1981). Marvich also argues that after officers arrested Quick in the living room of the house, they illegally searched through the remainder of the dwelling, and thereby observed evidence on which a subsequent search warrant was based. Both of these arguments relate to Marvich's general contention that the district court should have suppressed all of the evidence seized from his home. Marvich raised neither of these arguments in his pre-trial motion to suppress and offers no explanation for why he did not do so. We therefore will not consider these arguments on appeal. United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987) ("Just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress.")
 
 III.
 
 8
 Finally, Marvich contends that government witnesses Rudisill and Thayer committed perjury, and that the judgment of forfeiture therefore can not stand. To support this contention, Marvich points to alleged inconsistencies between these witnesses' testimony at trial and statements they made or that were attributed to them in the affidavit in support of the search warrant for Marvich's house and the police report of the arrests and searches there on January 25, 1990.
 
 
 9
 Marvich's counsel thoroughly cross-examined both witnesses at trial regarding the inconsistencies, and addressed the inconsistencies in closing argument as well. After considering all the testimony and other evidence presented at trial, the district court then made findings which it explicitly noted were "based largely on credibility determinations." Order on Objection to Findings and Motion for New Trial at 2. Marvich now makes no claim of circumstances that were not before the factfinder, thus we conclude that his assertions of perjury provide no basis for us to reverse the district court's judgment. Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985) (where appellant did not claim circumstances not before the jury his assertions of witness perjury do not entitle him to a new trial; credibility of witnesses is an issue for the jury and is not subject to appellate review).
 
 
 10
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Despite Marvich's assertion in this appeal that Quick was only a temporary house guest, the evidence adduced at trial clearly demonstrates that Quick resided at the defendant property. Marvich himself acknowledged on cross-examination that Quick rented rooms in the house for about one year. R.T. 9/6/91 at pages 97-99. Furthermore, during surveillance of the defendant property during January 22-25, 1990, customs agents observed Quick entering and exiting the house freely without knocking