**UNITED STATES of America, Plaintiff–Appellee,**

v.

**McCarthy M. JETER, Defendant–Appellant.**

**No. 99–50623.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2000*

Filed Jan. 3, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Thor O. Emblem, Escondido, California, for the defendant-appellant.

Richard J. Pietrofeso, Assistant United States Attorney, for the plaintiff-appellee.

Before: D.W. NELSON, BRUNETTI and KOZINSKI, Circuit Judges.

D.W. NELSON, Circuit Judge:

McCarthy M. Jeter appeals a 51–month sentence imposed after a jury convicted him of importation of marijuana, in violation of 21 U.S.C. §§ 952, and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Jeter raises three issues: (1) whether the district court erred by granting only a one-level reduction for acceptance of responsibility; (2) whether the district court erred by setting his criminal history category at II; and (3) whether this case should be remanded for the district court to determine the applicability of the "safety valve" provisions of the Sentencing Guidelines. We reverse and remand the first issue and affirm the second and third issues.

R.App.P. 34(a)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 1999, Jeter and two codefendants, Wendell Golden and Joy Keys, were arrested at the San Ysidro Port of Entry after customs inspectors found nearly 170 pounds of marijuana behind a wall panel of the gold GMC van they were driving. In a post-arrest interview, Jeter told a United States Customs special agent that he had no knowledge of the marijuana and was visiting Mexico to shop and to "party." Golden and Keys admitted that they knew the van was packed with marijuana and testified at trial that Jeter actively participated in the crime. Jeter took the witness stand and contradicted Golden and Keys, testifying that he was merely a tourist on a trip arranged by Golden. A jury convicted Jeter on June 2, 1999.

On August 31, 1999, the district court sentenced Jeter to 51 months in prison, based on an adjusted offense level of 23 and a criminal history category of II. The criminal history category reflected Jeter's prior misdemeanor conviction for driving under a suspended/revoked license (for which he had been sentenced to three years of probation) and the fact that Jeter committed the instant offense while under an active bench warrant for failing to appear at a probation revocation hearing. The base offense level of 22 reflected the amount of marijuana involved in the crimes of conviction. Pursuant to U.S.S.G. § 3C1.1, the district court adjusted upward two points for obstruction of justice, finding that Jeter committed perjury during his trial "on numerous occasions." The district court then adjusted downward one point for acceptance of responsibility. The district court made the downward adjustment after inviting Jeter to "come clean" and "genuinely speak to this court in a nonself-serving way, which means truthfully." The defendant then admitted for the first time that he knew that the van contained marijuana, although he maintained that he had a relatively small role in the crime. The one-point downward adjustment reflected the district court's find-ings that Jeter's confession was partly self-serving and was made at a late stage of the process but was strongly encouraged by the court and destroyed his right to appeal the conviction. Jeter timely appealed his sentence.

## STANDARD OF REVIEW

▅▅▅ We review de novo the district court's interpretation of the Sentencing Guidelines. *See United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999). The district court's factual findings in the sentencing phase are reviewed for clear error, and its application of the Guidelines to the particular facts of a case is reviewed for abuse of discretion. *See id.*

## ACCEPTANCE OF RESPONSIBILITY

▅▅▅ Section 3E1.1 of the United States Sentencing Guidelines governs downward adjustments for acceptance of responsibility. The guidelines provide a two-level decrease "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense" and an additional one-level decrease for defendants who cooperate with the government or timely notify authorities of an intention to plead guilty. This case presents the question of whether the district court erred by granting a one-point reduction for a partial or late acceptance of responsibility. Although this issue is one of first impression, the Sentencing Guidelines plainly do not allow an adjustment of only one level for acceptance of responsibility. Three other circuits have recognized that the Guidelines provide only for two or three-level adjustments for acceptance of responsibility, and we agree with their holdings. *See United States v. Valencia,* 957 F.2d 153, 156 (5th Cir.1992) ("USSG § 3E1.1 does not contemplate either a defendant's mere partial acceptance of responsibility or a district court's being halfway convinced that a defendant accepted responsibility."); *United States v. Atlas,* 94 F.3d 447, 452 (8th Cir.1996); *United States v. Carroll,* 6 F.3d 735, 741 (11th Cir.1993).

Because a one-level adjustment for acceptance of responsibility is at odds with the plain language of U.S.S.G. § 3E1.1, we reverse and remand this case to the district court. On remand, the district court must consider whether Jeter deserves a two-level downward adjustment or none at all. In doing so, the district court must keep in mind that simultaneous adjustments for obstruction of justice and acceptance of responsibility are warranted only in "extraordinary cases." U.S.S.G. § 3E1.1, cmt. n.4. A case is only "extraordinary" if

> the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility. Cases in which obstruction is not inconsistent with an acceptance of responsibility arise when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice. In other words, as long as the defendant's acceptance of responsibility is not contradicted by an ongoing attempt to obstruct justice, ... simultaneous adjustments under §§ 3C1.1 and 3E1.1 are permissible.

*United States v. Hopper,* 27 F.3d 378, 383 (9th Cir.1994) (citations omitted).

### CRIMINAL HISTORY

Jeter also appeals the district court's determination that he had a criminal history category of II. U.S.S.G. §§ 4A1.1(c) & (d) and 4A1.2(c)(1) & (m) mandate that Jeter receive one point for his misdemeanor conviction and another two points for being under an active bench warrant at the time he committed the instant offense. Contrary to what Jeter argues on appeal, the bench warrant was not issued merely for failure to pay a fine. Rather, the warrant was issued because Jeter failed to appear at a probation revocation hearing. Jeter was properly given three criminal history points, qualifying him for sentencing at criminal history category II.

### SAFETY VALVE PROVISIONS

Finally, Jeter argues that his case should be remanded for a determination of whether he qualifies for a reduced sentence under the Guidelines' safety valve provisions at §§ 5C1.2 and 2D1.1(b)(6). Because the district court correctly set Jeter's criminal history category at II and because he was neither subject to a mandatory minimum sentence nor given an offense level of 26 or greater, the safety valve provisions have no applicability to this case.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.