**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Edward R. MARTINEZ, aka Edward Sampson, aka Indio Locon, aka Jesus Soto, aka Robert Martinez, Defendant—Appellant.**

**No. 04–10106.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Thomas C. Simon, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Patrick E. McGillicuddy, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Edward R. Martinez appeals his bench trial conviction and 33–month sentence for

---

being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martinez contends that there is insufficient evidence to establish the element of gun possession. Because Martinez did not challenge the sufficiency of the evidence by way of a motion for acquittal at trial, we review for plain error. *See United States v. Weber,* 320 F.3d 1047, 1050–51 (9th Cir. 2003). The direct testimony of Martinez's ex-girlfriend suffices to establish possession "reasonably near" the time specified in the indictment. *See United States v. Shirley,* 884 F.2d 1130, 1134 (9th Cir.1989) (affirming conviction of illegal firearm possession based on one witness' testimony).

Martinez next challenges the district court's denial of his request for a sentencing reduction for partial acceptance of responsibility, although he concedes this court's decision in *United States v. Jeter,* 236 F.3d 1032, 1034–35 (9th Cir.2001), rejects such a possibility. He argues that *Jeter* should be overruled, but because a three-judge panel lacks such authority, his contention is foreclosed. *See United States v. Lucas,* 963 F.2d 243, 247 (9th Cir.1992) (rejecting appeal to reconsider precedent).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.