**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gustavo SUAREZ, Defendant— Appellant.**

**No. 05–30194.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.[*]

Decided June 16, 2006.

Thomas O. Rice, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kathleen Moran, Esq., Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant—Appellant.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Gustavo Suarez appeals from the 12–month sentence imposed following his guilty plea to escape in violation of 18 U.S.C. § 751. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Suarez contends that the district court was compelled under U.S.S.G. § 3E1.1(a) to apply a two-level downward adjustment because he entered his guilty plea in a timely manner. We reject this contention.

The district court did not clearly err when it determined that Suarez's status as a 14–year fugitive from justice following his offense outweighed other indicia of an acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a), App. Note 1(d) (providing that a court may consider a defendant's pre-arrest conduct such as "voluntary surrender to authorities after commission of the offense"); *see also United States v. Connelly*, 156 F.3d 978, 982 (9th Cir.1998) ("Although pleading guilty and truthfully admitting the offense conduct constitute 'significant evidence of acceptance of responsibility,' this evidence may be outweighed by conduct inconsistent with such acceptance of responsibility. U.S.S.G. § 3E1.1(a), App. note 3.").

Furthermore, the district court did not misapply the advisory Guidelines when it awarded Suarez a one-level downward adjustment for partial acceptance of responsibility. *Cf. United States v. Jeter*, 236 F.3d 1032, 1035 (9th Cir.2001) (noting that the then-mandatory Guidelines do not provide for a partial one-level downward adjustment). The district court recognized that § 3E1.1(a) provides for a two-level downward adjustment, but granted Suarez the one-level adjustment under its discretion in an advisory Guidelines regime. *See United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

