**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ernesto GUTIERREZ–BARREDA,
Defendant—Appellant.**

No. 06–10025.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 18, 2008.*

Filed July 8, 2008.

Bruce M. Ferg, Serra Marie Tsethlikai, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Ernesto Gutierrez–Barreda, pro se.

Charles N. Kendall, Jr., Kendall Law Firm, PC, Nogales, AZ, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ernesto Gutierrez–Barreda appeals from the district court's decision, following a limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir. 2005) (en banc), that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gutierrez–Barreda contends that the district court did not understand the full scope of its discretion under the advisory guidelines because it treated the guideline range as presumptively correct. The record, however reflects that the district court did not treat the guideline range as possessing any greater weight than the rest of the statutory factors. *See United States v. Carty,* 520 F.3d 984, 996 (9th Cir.2008) (en banc); *see also United States v. Combs,* 470 F.3d 1294, 1296–97 (9th Cir.2006).

Gutierrez–Barreda also contends that the district court erred in finding that, in spite of his guilty plea of attempted illegal reentry, he had not fully accepted responsibility under U.S.S.G. § 3E1.1(a). Although this contention is properly before us because it was raised, but not addressed prior to the *Ameline* remand, the contention lacks merit. *See United States v. Thornton,* 511 F.3d 1221, 1227 (9th Cir. 2008). Because Gutierrez–Barreda received an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 due to his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prior escape from custody, he was ineligible for a U.S.S.G. § 3E1.1 downward adjustment absent extraordinary circumstances. *See* U.S.S.G. § 3E1.1, cmt. n. 4. We conclude that the district court did not clearly err in finding that he had not met this standard because, despite entering a guilty plea, he continued to deny at sentencing that he actually committed an element of the offense. *See United States v. Vance,* 62 F.3d 1152, 1160 (9th Cir.1995) (noting that the particular way in which a defendant pleads guilty may amount, in some circumstances, to evidence against acceptance of responsibility); *see also* U.S.S.G. § 3E1.1(a), cmt. n. 3.

Finally, we hold that because Gutierrez–Barreda was not entitled to a downward adjustment under § 3E1.1(a), he necessarily was not entitled to an additional adjustment under § 3E1.1(b). *See United States v. Jeter,* 236 F.3d 1032, 1035 (9th Cir.2001).

**AFFIRMED.**