MEMORANDUM **
Ronald Dale Sorensen appeals the district court’s denial of his motion to suppress and its calculation of his advisory sentencing guidelines range. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Sorensen’s conviction, vacate his sentence and remand to the district court for further proceedings.
Because the parties are familiar with the factual and procedural history of the case, we do not repeat it here.
I
We review the district court’s denial of a motion to suppress de novo and its underlying factual findings for clear error. United States v. Mayer, 530 F.3d 1099, 1103 (9th Cir.2008). We may affirm the denial of a motion to suppress “on any basis fairly supported by the record.” Id. (citation and quotation omitted).
Sorensen argues that the warrant issued for the residence that he shared with Sandra Mitchell was not supported by probable cause because the officer who sought the warrant deliberately withheld information from the magistrate judge about Mitchell’s drug use, her mental state and her invocation of the right to counsel at the start of her interview.[1] The magistrate judge was familiar with the circumstances surrounding how Mitchell came into police custody, including her use of methamphetamine and her erratic behavior, because the magistrate judge had heard two earlier search warrant applications related to Mitchell that evening. That Mitchell initially invoked her right to counsel would not have affected the magistrate judge’s determination that probable cause existed to believe that evidence of illegal drug trafficking would be found at Mitchell’s residence.
Sorensen argues that suppression is appropriate because Mitchell did not validly waive her Miranda rights before giving the statements that provided the basis for probable cause. There has been no finding that Mitchell’s waiver was invalid, and even if it were, Sorensen cannot assert Mitchell’s Miranda rights as a basis for suppression of the evidence as to him. See United States v. Chase, 692 F.2d 69, 70 (9th Cir.1982) (per curium) (“[A] defendant cannot challenge the legality of a search warrant on the ground that the information establishing probable cause for the warrant was obtained as a consequence of an illegal search or seizure of a third party”).
Sorensen finally argues that Mitchell’s statements were involuntary and coerced. Generally, a defendant “does not have standing to challenge a violation of [a third party’s] rights; however, illegally obtained confessions may be less reliable than voluntary ones, and thus using a coerced confession at another’s trial can violate due process.” Douglas v. Woodford, 316 F.3d 1079, 1092 (9th Cir.2003). “A confession is *54 involuntary if coerced either by physical intimidation or psychological pressure.” United States v. Shi, 525 F.3d 709, 730 (9th Cir.2008) (quotation and citation omitted). There is nothing in the record to indicate that the officers physically intimidated or psychologically manipulated Mitchell to make a statement. Generally, being under the influence of alcohol or drugs or suffering from withdrawal symptoms does not render a person’s statement involuntary. See United States v. George, 987 F.2d 1428, 1430-31 (9th Cir.1993); United States v. Martin, 781 F.2d 671, 673-74 (9th Cir.1985). We have considered the totality of the circumstances surrounding Mitchell’s statements and conclude that they were neither involuntary nor coerced.
The district court properly denied Sorensen’s motion to suppress.
II
When a defendant challenges his sentence on appeal, “we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.” United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Post-Booker, the “starting point and the initial bench mark” for sentencing decisions are the United States Sentencing Guidelines Manual and the district court’s initial calculation of the appropriate advisory guidelines range. Id. at 991 (quoting Kimbrough v. United States, — U.S. -, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007)). “The [guidelines] range must be calculated correctly.” Id. (emphasis added).
Sorensen argues that the district court incorrectly calculated his advisory guidelines range by reducing his offense level one point (from 32 to 31) instead of giving him a two-point reduction for acceptance of responsibility under U.S.S.G. § 3El.l(a). See United States v. Jeter, 236 F.3d 1032, 1034 (9th Cir.2001) (“[T]he Sentencing Guidelines plainly do not allow an adjustment of only one level for acceptance of responsibility.”).
The district court’s use of an offense level of 31, as reflected on its statement of reasons, was error. As the record stands, it is unclear whether the district court ultimately found that Sorensen “clearly demonstrate^] acceptance of responsibility for his offense.” Accordingly, Sorensen’s sentence is vacated. The case is remanded for the district court to determine whether Sorensen accepted responsibility as contemplated by U.S.S.G. § 3El.l(a), and then to consider the § 3553 factors and exercise its sentencing discretion after recalculating Sorensen’s initial advisory guidelines range.
Conviction AFFIRMED; sentence VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. There is no support in the record that Mitchell requested to go to the hospital or that she was hallucinating while in police custody. We do not address these arguments.