**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Merryl Alban FARRIER,**
**Defendant/Appellant,**

**No. 90–50533.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 1991.

Decided Nov. 12, 1991.

Peter M. Horstram, Federal Public Defender, and Myra Sun, Deputy Federal Public Defender, Los Angeles, Cal., for defendant/appellant.

Lourdes G. Baird, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., and Paula A. Mabrey, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff/appellee.

Before NORRIS and THOMPSON, Circuit Judges, and KING, District Judge.*

SAMUEL P. KING, Senior District Judge:

Merryl Alban Farrier appeals his sentence to a prison term of 147 months and five years of supervised release under the Sentencing Guidelines upon his guilty pleas to three counts of armed bank robbery (Counts 1, 3 and 4) in violation of 18 U.S.C. § 2113(a)(d) and one count of use of a firearm during a crime of violence (Count 2) in violation of 18 U.S.C. § 924(c). This court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

The issue presented is whether the district court erred in the application of the sentencing guidelines.

Bank robberies are specifically excluded from the grouping rules. Section 3D1.2(d). Therefore, each of the three robbery counts is computed separately. Count 1 is governed by the guidelines in force prior to November 1, 1989. The base offense level for this crime was 18, increased by 1 because the amount taken exceeded $2500, giving an adjusted offense level for Count 1 of 19. Although a gun was discharged in connection with this offense, at that time the guidelines did not call for an increase for this specific offense characteristic because a separate sentence was being imposed for the use of the gun under Count 2. Application Note No. 2 to Section 2K2.4.

Counts 3 and 4 come under the November 1989 amended guidelines. The base offense level for bank robbery is now 20. Section 2B3.1. This is increased by 2 because the property of a financial institution was taken. Section 2B3.1(b)(1). A firearm was not fired but was "otherwise used" resulting in an increase of 4 levels. Section 2B3.1(b)(2)(B). The losses exceeded $10,000 (but not $50,000) in each count for an increase of 1 level. The resulting adjusted offense level for each of Counts 3 and 4 was 27. The multiple count adjustment results in an increase of 3 levels. Section 3D1.4. The final combined adjusted offense level for the robbery counts is 30.

The presentence report recommended a downward adjustment of 2 levels for acceptance of responsibility, resulting in a total offense level for the robberies of 28. The defendant had no prior criminal record which put him in criminal history category I. The sentencing range under the guidelines is 78–97 months. The statutory maximum is 25 years per count followed by supervised release of 3 to 5 years.

The gun count carries a mandatory consecutive sentence of, in this case, 5 years which may be followed by a term of up to 3 years of supervised release.

At sentencing, the defendant sought a downward departure equivalent to 4 levels rather than 2 levels for exceptional acceptance of responsibility. The district judge agreed and the government does not challenge this additional 2 level reduction to a total offense level of 26. If this had been

---

* Hon. Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

the sentencing level, the guideline range would have been 63 to 78 months.

However, the district judge also added 6 levels under Section 2B3.1(b)(2)—4 levels for the use of a firearm as recommended in the presentence report and another 2 levels for the threats uttered to two of the tellers during the robberies. This brought the total offense level back to 28.

The district judge then sentenced defendant to imprisonment for 87 months on each of Counts 1, 3, and 4, to run concurrently and to be followed by 5 years supervised release, and to the mandatory imprisonment for 60 months on Count 2 to be followed by 3 years supervised release, the two periods of supervised release to run concurrently.

■ Defendant appeals from the addition of levels under Section 2B3.1(b)(2) for both the use of a firearm and the uttering of threats.

The applicable sentencing guideline is Section 2B3.1(b)(2) regarding specific offense characteristics. That section provides:

(A) If a firearm was discharged, increase by 5 levels; (B) if a dangerous weapon (including a firearm) was otherwise used, increase by 4 levels; (C) if a dangerous weapon (including a firearm) was brandished, displayed, or possessed, increase by 3 levels; *or* (D) if an express threat of death was made, increase by 2 levels. United States Sentencing Commission, *Guidelines Manual* (1989), § 2B3.1(b)(2), at 2.24; emphasis added.

Both sides concede that the court's application of a 4 level enhancement for use of a dangerous weapon was proper under § 2B3.1(b)(2)(B). The court, however, also added a 2 level enhancement under Section 2B3.1(b)(2)(D). Both parties submit that the disjunctive "or" before the last clause of that section precludes an enhancement for both the use of a gun under Section 2B3.1(b)(2)(B) and for an express threat of death under Section 2B3.1(b)(2)(D).

Clearly the several parts of Section 2B3.1(b)(2) are in the disjunctive. Only one of the increases in offense levels may be applied to the same offense—either 5 levels under (A), or 4 levels under (B), or 3 levels under (C), or 2 levels under (D), but not any combination of (A), (B), (C), and (D) added together.

Inasmuch as defendant's point on this appeal is well taken, the case must be remanded for resentencing. However, there may be other problems upon resentencing.

■ The government suggests that if it was the intent of the court to enhance the sentence due to defendant's violent conduct, which involved terrorizing and restraining the victim tellers with a gun to their heads, the 2 level enhancement should have been applied under Section 2B3.1(b)(4)(B) which allows for a 2 level enhancement "if any person was physically restrained to facilitate commission of the offense ..." Upon the record before us, there is no finding that the victim tellers were "physically restrained" as that term is defined in Application Note 1 (i) to Section 1B1.1 as meaning "the forcible restraint of the victim such as by being tied, bound, or locked up."

■ Furthermore, the guidelines do not provide for the offense level to be reduced for acceptance of responsibility other than 2 levels. Any further reduction must comport with the requirements of Chapter Five Part K. The district court reduced the base offense level by 4 levels. Our review of the record suggests that the district court intended to depart downward under § 5K2.0 because the defendant's admission of guilt in other crimes was an acceptance of responsibility greater than that contemplated by the guidelines. If the district court intended this result, then it should make the appropriate findings on remand.

Appellant's sentence is VACATED and the case is REMANDED to the district court for resentencing.