**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Lozano VALENCIA,**
**Defendant–Appellant.**

**No. 91–2868.**

United States Court of Appeals,
Fifth Circuit.

March 18, 1992.

As Amended April 6, 1992.

Thomas S. Berg and Roland E. Dahlin, II, Federal Public Defenders, Houston, Tex., for defendant-appellant.

Kenneth P. Dies, Paula C. Offenhauser, Asst. U.S. Attys., and Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REYNALDO G. GARZA, GARWOOD, and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Francisco Lozano Valencia (Valencia) pleaded guilty to aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. At sentencing, the district court granted Valencia a one-level reduction in offense level for acceptance of responsibility and a one-level reduction for cooperation with the government. Valencia was subsequently sentenced to 120 months' imprisonment. He now appeals, challenging only the propriety of his sentence. We vacate Valencia's sentence and remand to the district court for further proceedings consistent with this opinion.

### Facts and Proceedings Below

Valencia was indicted for conspiracy to possess with intent to distribute cocaine and aiding and abetting in the possession of cocaine with intent to distribute. Valencia pleaded guilty to the possession count of the indictment in exchange for the government's agreement to: (1) dismiss the conspiracy count; (2) file a motion for a downward departure under USSG § 5K1.1 in exchange for his substantial assistance; (3) stipulate that the quantity of cocaine involved in the indictment was seven kilograms; (4) stipulate that Valencia was a "minor participant" under USSG § 3B1.2; and (5) stipulate that Valencia accepted responsibility for his conduct in accordance with USSG § 3E1.1.

The Presentence Report (PSR) concluded that the base offense level should be calculated on the basis of twenty-seven kilograms of cocaine, that Valencia had an aggravating "managerial" role rather than a mitigating "minor" one, and that Valencia did not accept responsibility for his relevant conduct. The PSR accordingly calculated Valencia's total offense level as 36, which when combined with a criminal history category of I, resulted in an imprisonment range of 188–235 months. Valencia objected to the PSR, specifically, among other things, to the conclusion that he was not entitled to the reduction in offense level for acceptance of responsibility.

At the sentencing hearing, the district court resolved many of the disputes in Valencia's favor, accepting the parties' stipu-

lation that the offense level should be calculated on the basis of seven kilograms of cocaine and refusing to adjust it for Valencia's role in the offense. The district court also granted Valencia a one-level reduction for cooperation with the government[1] and a one-level reduction for acceptance of responsibility.[2] The resulting offense level was 30, which when combined with Valencia's criminal history category of I, established a guideline imprisonment range of 97–121 months. The district court sentenced Valencia to 120 months' imprisonment and 5 years' supervised release. Valencia timely filed a notice of appeal.

## Discussion

Section 3E1.1 of the sentencing guidelines directs the district court to reduce the offense level by two levels "[i]f the defendant *clearly demonstrates* a recognition and affirmative acceptance of personal responsibility for his criminal conduct." USSG § 3E1.1(a) (emphasis added). The district court here, being "about halfway convinced" on the matter, reduced Valencia's offense level by one level for "partially accepting" responsibility. Both the government and Valencia argue on appeal that the district court erred in allowing a one-level reduction under § 3E1.1 and urge this Court to vacate the sentence and remand to the district court for resentencing.[3]

█ The issue thus presented is whether a district court can award a one-level reduction in offense level under USSG § 3E1.1

---

1. Valencia concedes that the one-level reduction for cooperation with the government was proper. Neither has the government challenged before us the propriety of the reduction in offense level for debriefing cooperation. Accordingly, we do not address the debriefing cooperation reduction and assume that such reduction was proper.

2. The district court engaged in the following colloquy at the sentencing hearing:
"THE COURT: All right.
My feeling is that I can do one of, basically, three things. So, I have chosen one of the three.
Obviously, I could give him a two-point reduction for debriefing cooperation and the like and a two-point reduction for taking responsibility. *I am about halfway convinced on both points.* So I am inclined to characterize it any way that makes you happy. I will give him either two points for one or the other or one point for each. But I'm willing to give you a two-point reduction for that as well.
So that will, basically, knock out the enhancement, and it will reduce it two levels.
. . . .
Now, if we eliminate the enhancement, that leaves it at thirty-two, in other words, making him an average participant as opposed to anything else, and deducting the two points for one each of taking responsibility and cooperation, that would give us an adjusted total offense level of thirty. And so, I find that on the basis of those findings that the total offense level is thirty.
. . . .
MR. DIES [the prosecutor]: ... As I understand what you have said, *for purposes of the record,* is that in a sense you are giving the defendant *a point for partially accepting his responsibility,* and in a sense you are giving him a point reduction for complying and being debriefed in providing information?
THE COURT: Yes, sir.
MR. DIES: Thank you, Your Honor.
THE COURT: But not in a sense. *I am specifically making those findings."* (Emphasis added).

3. The Government urges in its brief that remand for resentencing is not necessary because the error in reducing Valencia's offense level one level is harmless in that the sentence the district court actually imposed is within the correct guideline imprisonment range. The district court calculated Valencia's offense level at 30, which when combined with his criminal history category, results in a guideline imprisonment range of 97–121 months. The Government contends that Valencia's offense level should have been 31 (no reduction for acceptance of responsibility), which when combined with his criminal history category, results in a guideline imprisonment range of 108–135 months. The sentence the district court imposed of 120 months is thus within either range.

However, we cannot agree that any possible error is harmless. It is not clear from the district court's statements at the sentencing hearing whether the district court found that Valencia had or had not accepted responsibility. If the district court found that Valencia had accepted responsibility, Valencia was entitled to a two-level reduction in offense level, resulting in an offense level of twenty-nine. When combined with his criminal history category, a guideline imprisonment range of 87–108 months results. Valencia's sentence of 120 months would then exceed the guideline imprisonment range, and Valencia would indeed have been harmed.

for partial acceptance of responsibility. While we can find no precedent holding that such a one-level reduction constitutes a misapplication of the sentencing guidelines, we conclude that USSG § 3E1.1 does not contemplate either a defendant's mere partial acceptance of responsibility or a district court's being halfway convinced that a defendant accepted responsibility. The plain language of § 3E1.1 indicates that a district court *must* reduce the offense level by *two* levels if it finds that the defendant has *clearly* accepted responsibility for his criminal conduct. USSG § 3E1.1; *see also United States v. Perez–Franco*, 873 F.2d 455, 464 (1st Cir.1989) ("If the court finds that the defendant did [accept responsibility], then he shall be entitled to the two point reduction.").

To allow a district court to impose a one-level reduction in offense level would allow courts to circumvent much of the rationale behind section 3E1.1. Whether the defendant has accepted responsibility is a question of fact that the "sentencing judge is in a unique position to evaluate"; such determination "is entitled to great deference on review." USSG § 3E1.1, comment. (n. 5). To allow the district court to award a one-level reduction permits the district court to straddle the fence in close cases without explicitly finding whether the defendant did or did not accept responsibility. This is what the district court did here. It is impossible to tell from the record whether the district court determined that Valencia had or had not accepted responsibility. In such a situation, the better course under the sentencing guidelines appears to be for the district court to deny the reduction on the theory that in such a close case the defendant has not clearly demonstrated acceptance of responsibility.[4]

This Court reviews application of the USSG fully for errors of law. *See United States v. Morales–Vasquez*, 919 F.2d 258, 263 (5th Cir.1990). "A sentence imposed in violation of law or as a result of an incorrect application of the sentencing guidelines must be reversed even if it is reasonable." *United States v. Hernandez*, 943 F.2d 1, 2 (5th Cir.1991). Because we find that the district court incorrectly applied the sentencing guidelines in awarding Valencia a one-level reduction for acceptance of responsibility, we must vacate the sentence.[5] It is not clear from the record of the sentencing hearing whether the district court found that Valencia had accepted responsibility. We accordingly remand to the district court for such a finding. If the district court finds on remand that Valencia clearly demonstrated his acceptance of responsibility, then, at the subsequent resentencing hearing, Valencia shall be entitled to the two-point reduction for acceptance of responsibility. Alternatively, if the court finds that Valencia did not clearly demonstrate, or demonstrated only partial, acceptance of responsibility, the court should reimpose the same sentence on Valencia.[6] Regardless of which route the district court pursues, we note that Valencia is entitled to be present and to allocute when the district court actually imposes sentence on remand. *See United States v. Moree*, 928 F.2d 654, 656 (5th Cir.1991).

### Conclusion

The district court, in awarding Valencia a one-level reduction in offense level

---

4. However, in that instance the district court would be free to consider (or to disregard) the defendant's partial acceptance of responsibility in determining where, within the guideline imprisonment range (calculated without reduction under section 3E1.1), to fix defendant's term of imprisonment.

5. Applying *Williams v. United States,* —— U.S. ——, ——, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992), we are unable to conclude "that the error did not affect the district court's selection of the sentence imposed."

6. We recognize that if the district court determines that Valencia did not clearly demonstrate acceptance of responsibility, Valencia will only be entitled to the one-level reduction for cooperation, instead of this current two-level reduction in offense level, resulting in an offense level of 31 instead of 30. Because the government has not cross-appealed and because the sentence the district court imposed of 120 months' imprisonment is within the sentencing range for either offense level, any error that might result from reimposing in those circumstances a sentence of 120 months' imprisonment and 5 years' supervised release is harmless.

for partial acceptance of responsibility, improperly applied section 3E1.1 of the sentencing guidelines. Because even reasonable sentences resulting from an incorrect application of the sentencing guidelines must be reversed, we are compelled to vacate the sentence imposed by the district court and remand for resentencing consistent with this opinion.

For the reasons stated above, the judgment of the district court is VACATED and the cause is REMANDED for further proceedings consistent herewith.

VACATED and REMANDED.