UNITED STATES of America, Appellee,

v.

Lawrence James CRON, also known as Larry Cron, also known as Mike Davidson, also known as Alvin Davis, also known as Robert O'Neal, also known as Joe Richter, Appellant.

No. 95–2106.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1995.

Decided Dec. 8, 1995.

Virginia Villa, Minneapolis, MN, argued, for appellant.

Francis J. Magill, Minneapolis, MN, argued (Mark Pitsenbarger, on the brief), for appellee.

Before McMILLIAN, BRIGHT and BOWMAN, Circuit Judges.

BRIGHT, Circuit Judge.

Lawrence J. Cron appeals his fifty-month sentence imposed by the district court after he pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Cron argues that the district court erred (1) in granting a one-level reduction for acceptance of responsibility when the Guidelines provide for only a two- or three-level reduction, and (2) in imposing a two-level vulnerable victim enhancement when there was no evidence that he targeted the victims based on their vulnerability. We affirm the imposition of the vulnerable victim enhancement and conclude that the one-level reduction for acceptance of responsibility constitutes harmless error.

## I. BACKGROUND

Cron engineered a telemarketing fraud scheme in which he contacted prospective victims by telephone and told them that they were guaranteed to receive one of several valuable prizes. Cron told these individuals that before they could collect their prizes, they had to either pay a fee or purchase some merchandise from him. Cron also en-

gaged in various financial transactions in an attempt to conceal and disguise the nature and ownership of the proceeds of his activities.

On October 20, 1994, Cron was indicted on 154 counts of wire fraud, mail fraud and money laundering. The following January, he pled guilty to one count of wire fraud pursuant to a plea agreement. Under the terms of the plea agreement, the parties agreed that: (1) Cron should receive a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that he truthfully and fully admit his involvement in the offenses; and (2) his offense level should be increased by two points pursuant to U.S.S.G. § 3A1.1 because Cron knew or should have known that many of his victims were unusually vulnerable due to their age or physical or mental condition.

The district court released Cron on bond shortly after his indictment and his release continued pending sentencing. After uncovering evidence that Cron was continuing his fraudulent telemarketing activities, the government moved to have his release revoked. On March 13, 1995, a magistrate judge found that Cron was continuing his fraudulent telemarketing activities and revoked his bond.

Prior to sentencing, the government asserted that Cron was no longer entitled to a three-level reduction for acceptance of responsibility given that he had resumed his telemarketing fraud practice while on release awaiting sentence, delayed the release of some financial documents and minimized his criminal activities in his pre-sentence interview. Cron objected to the two-level vulnerable victim enhancement, maintaining that there was no evidence that he specifically targeted vulnerable victims in his telemarketing scheme.

The district court granted a one-level reduction for acceptance of responsibility, imposed the two-level vulnerable victim enhancement and sentenced Cron to fifty-months imprisonment. In imposing the vulnerable victim enhancement, the district court noted that Cron agreed to the two-level enhancement in the plea agreement and ruled that his objection was without merit.

Cron appeals, arguing that the district court should have granted a three-level reduction for acceptance of responsibility and should not have imposed a two-level vulnerable victim enhancement.

## II. DISCUSSION

### A. ACCEPTANCE OF RESPONSIBILITY

Section 3E1.1(a) of the Federal Sentencing Guidelines provides a two-level reduction for a defendant who clearly demonstrates acceptance of responsibility for his offense. Section 3E1.1(b)(2) provides for a further one-level reduction where the defendant qualifies for the § 3E1.1(a) reduction, the offense level (excluding the § 3E1.1(a) reduction) is 16 or greater and the defendant has assisted the authorities in the investigation or prosecution of his own misconduct.

Cron argues that § 3E1.1 provided for only a two- or three-level reduction and that the district court erred in granting a one-level reduction. While this argument accords with guideline interpretations, *see United States v. Valencia*, 957 F.2d 153 (5th Cir.1992); *United States v. Carroll*, 6 F.3d 735, 741 (11th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1234, 127 L.Ed.2d 577 (1994), the Eleventh Circuit agreed with *Valencia* and held that § 3E1.1 does not allow a one-level reduction. *Cf. United States v. Farrier*, 948 F.2d 1125, 1127 (9th Cir.1991) (holding that Guidelines do not provide for four-level reduction for acceptance of responsibility), we need not remand for resentencing for several reasons below.

1. The government did not cross-appeal and thus does not contest the sentence.

2. A remand for resentencing is not required. Cron's fifty-month sentence was within the 41–51 month range for an offense level of 22. Assuming no reduction for acceptance of responsibility, offense level 23 dictates a sentence within a range of 46–57 months. Since the sentence imposed is within the correct range regardless of the one point credit and we are convinced that the district court would consider the same factors upon resentencing as it did in the original sentencing, any error was harmless. *See*

*United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir.), *cert. denied*, 504 U.S. 928, 112 S.Ct. 1988, 118 L.Ed.2d 585 (1992).

3. If we deem the error as prejudicial to Cron, we still would remand for correction of the sentence. The district court on reconsideration could disallow any credit for acceptance of responsibility notwithstanding this appeal.[1]

## B. VULNERABLE VICTIM ENHANCEMENT

We review a sentencing court's finding that there was a vulnerable victim for clear error. *United States v. Coates*, 996 F.2d 939, 942 (8th Cir.1993). Under U.S.S.G. § 3A1.1, the offense level is increased two levels if the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition or that a victim was otherwise particularly susceptible to the criminal conduct. Such an enhancement is appropriate where the defendant's "choice" of victim shows the "extra measure of criminal depravity which section 3A1.1 intends to punish more severely." *United States v. Callaway*, 943 F.2d 29, 31 (8th Cir.1991) (quoting *United States v. Paige*, 923 F.2d 112, 113–14 (8th Cir.1991)).

Cron argues that the district court's two point enhancement was clearly erroneous because nothing in the record indicates that he specifically targeted vulnerable victims. In his plea agreement, however, Cron stipulated that the vulnerable victim enhancement should apply to his case. Moreover, most of the victims were in fact elderly and the record indicated that Cron knew or should have known his targets were older persons. Thus, the district court did not err in holding Cron to his stipulation.

## III. CONCLUSION

For the foregoing reasons, we affirm the sentence imposed by the district court.

---

1. We reject appellant's suggestion that we reverse and direct the district court to grant at least a two-level reduction. Such a result is not compelled by the record.