UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KASHMA PORTER, a/k/a Rick
Hampton,
Defendant-Appellant.

No. 98-4022

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-96-480, CR-97-456)

Submitted: February 16, 1999

Decided: March 15, 1999

Before WIDENER, ERVIN, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. David Calhoun Stephens, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kashma Porter pled guilty to ten counts of wire fraud pursuant to a plea agreement. The district court sentenced Porter to serve sixty-four months imprisonment followed by three years of supervised release and to pay restitution in the amount of $552,518. Porter appeals his convictions and sentence. Porter's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising four issues but indicating that, in his view, there are no meritorious issues for appeal. Porter was informed of his right to file a pro se supplemental brief, but he has not done so.

First, Porter's counsel raises the question of whether the district court complied with the requirements outlined in Fed. R. Crim. P. 11 when taking Porter's pleas.* Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Porter's guilty pleas.

Second, counsel raises the propriety of the district court's decision to increase Porter's offense level under U.S. Sentencing Guidelines Manual § 3C1.1 (1997) for obstruction of justice. Porter withdrew his objection to the increase at sentencing. Thus, we review the court's decision only for plain error. See United States v. Perkins, 108 F.3d 512, 516 (4th Cir. 1997).

The enhancement was based on two parts of Porter's testimony. He testified at a suppression hearing that he only consented to the search because agents told him that they would put him in jail if he did not consent. A Government agent testified at the same hearing that there was no coercion and that Porter voluntarily consented to the search. Further, Porter testified at his bond revocation hearing about his knowledge of Lonnie Riley's fugitive status at the time he gave Riley, a person indicted in the Tennessee case, a ride to an acquaintance's

_____

*Porter actually had two Rule 11 hearings. At one, he pled guilty to nine counts of wire fraud. At the second, he pled guilty to one count of wire fraud in Tennessee under Fed. R. Crim. P. 20. The colloquy at each hearing was substantially the same.

2

house. Porter stated that he did not know that Riley was a fugitive. Two co-defendants testified that they were with Porter in court before the date of the ride when an IRS agent testified that Riley was a fugitive. The court found that Porter lied at both hearings and knowingly harbored a fugitive. Given these facts, the district court did not commit plain error when it enhanced Porter's sentence for obstruction of justice on the basis of perjury.

Third, Porter's counsel raises the issue of whether the district court plainly erred by enhancing Porter's sentence under USSG § 3A1.1 because the offense involved "vulnerable victims." In his plea agreement, Porter acknowledged that the vulnerable victim enhancement would apply. Further, at sentencing, Porter admitted that his fraudulent scheme specifically targeted the elderly. Thus, we easily find that the district court properly applied the guidelines. See United States v. Cron, 71 F.3d 312, 314 (8th Cir. 1995).

Finally, Porter's counsel challenges trial counsel's performance. However, we do not review claims of ineffective assistance on direct appeal unless the record conclusively demonstrates counsel's ineffectiveness, see United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), which is not the case here. Therefore, any such claim must be raised in a collateral attack.

In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Thus, we affirm Porter's convictions and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3