**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REBECCA ZOE BROWN,

Defendant - Appellant.

No. 01-5189

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA
## (D.C. NO. 01-CR-10-H)

Barry L. Derryberry, Office of the Public Defender, (Jack B. Schisler, Assistant Public Defender, with him on the briefs), Tulsa, Oklahoma for the Defendant-Appellant.

Kevin C. Danielson, Assistant United States Attorney, Northern District of Oklahoma (David E. O'Meilia, United States Attorney, and Kenneth P. Snoke, Assistant United States Attorney, on the brief), Tulsa, Oklahoma for the Plaintiff-Appellee.

Before **SEYMOUR** , **EBEL** , and **HENRY** , Circuit Judges.

**HENRY** , Circuit Judge.

Rebecca Zoe Brown pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344(1), but before her sentencing hearing, she forged two letters of support. On appeal, she argues that (1) the district court erred in refusing to grant a downward departure from the sentencing guideline range under § 5K2.13 of the United States Sentencing Guidelines based upon diminished mental capacity; and (2) that the district court err in granting a one-level, rather than two-level, downward adjustment in the offense level under USSG § 3E1.1(a) for acceptance of responsibility. For the reasons detailed below, we dismiss Ms. Brown's appeal of the first ruling and affirm the district court's second ruling.

## BACKGROUND

Ms. Brown worked as a nurse at several Tulsa, Oklahoma hospitals. Using personal information obtained from patients, she made unauthorized withdrawals from the patients' bank accounts and charged approximately $70,000.00 in purchases to their credit cards. A federal grand jury indicted Ms. Brown on a number of charges, and she eventually pleaded guilty to the commission of bank fraud in violation of 18 U.S.C. § 1344(1). The district court dismissed the remaining counts.

In preparation for sentencing, Ms. Brown submitted two allegedly forged letters of support from nursing colleagues. The district court was informed of the alleged forgeries and held an investigative hearing. After the hearing, the district

court concluded that the letters were forgeries. The district court also concluded that certain statements of support in the letters reflected the actual views of the people whose letters and signatures were falsified. Nevertheless, the district court stated that the evidence "can only compel the Court's conclusion of fabrication." Aple's App. at 4 (Sentencing Hr'g dated June 29, 2001). The district court also stated "when people stand here . . . and say these are the facts, let's do the right thing based on these facts and it turns out that the facts – those aren't the facts, those just happen to be the documents . . . then it enormously undermines the system, id. at 8, and added, "I'm simply troubled by that input being manufactured." Id. at 11.

At the sentencing hearing, the district court calculated Ms. Brown's criminal history category as one and her offense level as 16. The offense level determination reflected a two-level enhancement for obstruction of justice under USSG § 3C1.1 and a one-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Significantly, Ms. Brown's trial counsel did not object to the one-level reduction under § 3E1.1.

These sentencing determinations produced an applicable sentence range of between 21 and 27 months of imprisonment. Despite Ms. Brown's submission of evidence suggesting that she suffered from diminished mental capacity at the time of her criminal conduct, the district court refused to enter a departure under

USSG § 5K2.13 for diminished mental capacity. The court sentenced Ms. Brown

to 24 months' imprisonment and ordered her to pay $71,021.13 in restitution.

**DISCUSSION**

## I.     USSG § 5K2.13

Ms. Brown first challenges the district court's refusal to depart downward

under § 5K2.13 on the basis of diminished mental capacity. We may

exercise jurisdiction to review a sentencing court's refusal to depart from the

sentencing guidelines only in the very rare circumstance that the district court

states that it does not have any authority to depart from the sentencing guideline

range for the entire class of circumstances proffered by the defendant. United

States v. Whitaker, 152 F.3d 1238, 1240 (10th Cir. 1998).

Here, the district court stated:

> The Court finds that the requirements of 5K in this case, . . . [i.e.,] that
> [Ms. Brown] . . . [has] a significantly impaired ability to (A) understand
> the wrongfulness of the behavior comprising the offense or to exercise a
> power of reason, or (b) control behavior that the [she] knows is wrongful,
> that [–] applying either of th[e]se prongs to the facts of this case [–] that
> the Court finds that neither prong has been satisfied in this record, and
> therefore [that] the motion for the downward departure is denied.

Rec. vol. III, doc. 1, at 56 (Sentencing Hr'g dated Sept. 28, 2001).

The district court thus (1) acknowledged the court's authority to depart

pursuant to USSG. § 5K2.13, (2) applied § 5K2.13 to the facts of Ms. Brown's

case, and (3) simply declined, on those facts, to enter the requested departure.

-4-

Because the district court recognized its authority to depart, we lack jurisdiction to review the decision not to grant the requested departure.

## II.    USSG § 3E1.1(a)

Ms. Brown next challenges the district court's grant of a one-level downward adjustment in offense level under USSG §3E1.1(a) for acceptance of responsibility.  Ms. Brown argues that she was entitled to a two-point downward adjustment.

### A.    Standard of Review

Because Ms. Brown did not object in the district court to the imposition of a one-level adjustment under the guidelines, we review her sentence for plain error, applying the four-step analysis recognized by the Supreme Court in United States v. Olano, 507 U.S. 725, 732 (1993), and reaffirmed in Johnson v. United States, 520 U.S. 461, 467 (1997).  See United States v. Battle, 289 F.3d 661, 669-70 (10th Cir. 2002) ("Battle further contends that the district court erred in applying the guidelines. . . . .These sentencing issues are raised for the first time in this appeal. . .   . We review his contentions for plain error") (citing Johnson,

520 U.S. at 467), <u>cert. denied</u>, 123 S. Ct. 219 (2000).[1]  Although "[w]e will . . .

apply the plain error rule less rigidly when reviewing a potential constitutional

error,'" <u>United States v. Nelson</u>, 36 F.3d 1001, 1003 (10th Cir. 1994) (internal

quotation marks omitted), Ms. Brown does not allege a constitutional error, nor

do we perceive such a violation in the alleged misapplication of § 3E1.1.

Accordingly, we decline to apply a relaxed standard of plain error review,

and apply a traditional full-rigor plain error analysis.  This analysis allows us to

use our *discretion* to reverse unobjected-to error on plain error review *if* we find

four elements: "(1) 'error'; (2) that is 'plain' . . . (3) that 'affects substantial

rights,'" <u>Johnson</u>, 520 U.S. at 467 (quoting <u>Olano</u>, 507 U.S. at 732), and (4) that

"seriously affects the fairness, integrity, or public reputation of judicial

proceedings." <u>Olano</u>, 507 U.S. at 732.

---

[1] The government argues that we should apply harmless error analysis rather than plain error analysis, a position that government counsel acknowledged at oral argument was not necessarily that of the Department of Justice.  We note that at least one judicial opinion has stated that plain error should not apply to alleged sentencing guideline errors.  <u>See</u> <u>United States v. Gordon</u>, 291 F.3d 181, 199-200 (2d Cir. 2002) (Newman, J., concurring) ("Although we have stated that plain error standards of Rule 52(b) apply to sentencing errors, . . . there is a substantial argument that these standards should have no application to such errors. . . . At least where a sentencing error involves only an issue of law, as is normally the case, the error should be correctable without regards to the standards of Rule 52(b)").  However, absent a Supreme Court or en banc decision of this circuit to that effect, such an argument appears foreclosed by our holding that plain error reviews applies to unobjected-to guidelines error.  <u>See</u> <u>Battle</u>, 289 F.3d at 669-70.

**B.    Analysis**

**1.    Error**

The first issue on plain error analysis is whether the district court erred.  We hold that the district court did err when it concluded that USSG § 3E1.1 permits a compromise one-level downward adjustment for acceptance of responsibility.

We begin our analysis by reviewing the district court's consideration of the interplay between two guideline sections: §§ 3C1.1 and 3E1.1.  Section 3C1.1 provides for a two-level upward adjustment in sentencing offense level when the sentencing judge concludes that "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction." USSG § 3C1.1.

Section 3E1.1 states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels" (emphasis in original).  USSG § 3E1.1.  The commentary to § 3E1.1 states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Id. at cmt. n.4 (2002).  The commentary further provides, however, that "[t]here may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." Id.

-7-

Applying those two guidelines to Ms. Brown's case, the district court found that (1) Ms. Brown's conduct warranted a two-level upward adjustment for obstruction of justice under § 3C1.1, and that (2) a one-level downward adjustment for acceptance of responsibility was warranted under § 3E1.1, and stated.

> this is indeed a unique case for purposes of acceptance of responsibility. . . . The obstruction of justice went to leniency issues, not culpability issues. It is not dealing with the kind of obstruction that would destroy the ability of the United States to prosecute, but rather sought to give coloration to the defendant and put her in the most positive light. Moreover, . . . certain of these people would have written the same thing. So therefore, while it does not change the fact that it is obstruction, it does go to the weight of the acceptance of responsibility, or at least the degree to which the acceptance of responsibility will be lost.

Rec. vol. III, doc. 1, at 39 (Sentencing Hr'g dated Sept. 28, 2001).

Because neither the Supreme Court nor this court has directly addressed the issue of whether a one-point reduction may be awarded pursuant to USSG § 3E1.1(a), we look to the guideline's text, to applicable precedent from other circuits, and to the arguments regarding the interpretation of the guideline.

The government, with necessary but still appreciated candor, concedes that the case law of four circuits holds that a § 3E1.1(a) acceptance-of-responsibility-finding mandates either granting the acceptance and giving the full two-level adjustment, or denying the acceptance and granting no adjustment. Indeed, all four courts of appeal to have considered the issue have opted for such a binary

interpretation.[2]  Arguing that the district court should have greater flexibility in situations involving both obstruction and acceptance than that recognized previously by the circuit courts, the government argues that § 3E1.1 permits a one-point adjustment, relying on United States v. Maurer, 76 F. Supp. 2d 353 (S.D.N.Y. 1999), aff'd, 226 F.3d 150 (2d Cir. 2000), and on note 4 of the Commentary to § 3E1.1.

Although, as a general matter, we recognize the value of affording the district court discretion in this situation, we cannot hold that § 3E1.1 permits discretion to issue a compromise adjustment.  We find persuasive the reasoning of United States v. Valencia, 957 F.2d 153 (5th Cir. 1992), the leading case on this issue:

> To allow a district court to impose a one-level reduction in offense level would allow courts to circumvent much of the rationale behind section 3E1.1.  Whether the defendant has accepted responsibility is a question of fact that the "sentencing judge is in a unique position to evaluate;" such determination "is entitled to great deference on review." USSG § 3E1.1, comment. (n. 5). To allow the district court to award a one-level reduction

---

[2]See United States v. Valencia, 957 F.2d 153, 156 (5th Cir. 1992) (stating that "we conclude that USSG § 3E1.1 does not contemplate either a defendant's mere partial acceptance of responsibility or a district court's being halfway convinced that a defendant accepted responsibility"); United States v. Jeter, 236 F.3d 1032, 1034-35 (9th Cir. 2000) (adopting the rule announced by the Fifth Circuit in Valencia); United States v. Atlas, 94 F.3d 447, 451-52 (8th Cir. 1996) (same); United States v. Carroll, 6 F.3d 735, 740-41 (11th Cir. 1993) (same). Accord United States v. Perez-Franco, 873 F.2d 455, 464 (1st Cir. 1989) ("If the court finds that the defendant did [accept responsibility], then he *shall* be entitled to the two-point reduction.") (emphasis added).

permits the district court to straddle the fence in close cases without explicitly finding whether the defendant did or did not accept responsibility. . . . [T]he better course under the sentencing guidelines appears to be for the district court to deny the reduction on the theory that in such a close case the defendant has not clearly demonstrated acceptance of responsibility.

Valencia, 957 F.2d at 156.

In United States v. Jeter, 236 F.3d 1032 (9th Cir. 2001), the Ninth Circuit followed Valencia where, as in this case, the district court adjusted upwards two points for obstruction of justice – based on the defendant's perjury at trial -- and also adjusted downward one point under §3E1.1 – based on the defendant's admissions regarding certain of the charges against him. See id. at 1034 (citing with approval Valencia, 957 F.2d at 156). The Ninth Circuit rejected the district court's approach, concluding that "the Sentencing Guidelines plainly do not allow for an adjustment of only one level for acceptance of responsibility." Id. The government in this case argues that Jeter is distinguishable because the conduct that formed the basis in that case for the obstruction and the acceptance of responsibility findings occurred at trial. However, we do not think that difference is legally significant.

Maurer, 76 F. Supp. 2d 353, does not rescue the government's argument. In Maurer, the district court found that the defendant had committed obstruction of justice by, among other things, forging a letter of support. See id. at 358. The district court then applied the two-level sentencing enhancement under USSG §

-10-

3.C1.1. <u>See</u> <u>id.</u> The district court also found that the defendant had, through his guilty plea, accepted responsibility for some, but not all, of the crimes for which the sentence was imposed. <u>See</u> <u>id.</u> at 360-61. The district court applied a one-level upward adjustment under USSG § 5K2.0, which authorizes departures from the otherwise applicable guideline range when "an offender characteristic or other circumstance that is . . . not normally relevant in determining whether a sentence should be outside the applicable guideline range . . . is present to an unusual degree and distinguishes the case from the heartland cases covered by the guidelines." USSG § 5K2.0 (internal quotations omitted). The district court in <u>Maurer</u> concluded that "the unusual occurrence of an acceptance of responsibility for some crimes, but not others," placed that case "outside the heartland of cases and was not considered by the Sentencing Commission." <u>Id.</u> at 361.

The government argues that the presence of an obstruction of justice offense level enhancement in this case, as in <u>Maurer</u>, effectively overcomes the balance of the case law. We disagree. <u>Maurer</u> is not the law of this or any other circuit, nor do we adopt it today. Further, the holding in <u>Maurer</u> is not directly applicable to this case because the district court here did not utilize the "outside the heartland" analysis or resort to USSG § 5K2.0 as justification. Indeed, by expressly relying on § 5K2.0, and declining to rely on § 3E1.1, the district court in <u>Maurer</u> may have implicitly conceded that § 3E1.1 does not itself permit a one-level reduction. If

the rule were otherwise, the court in <u>Maurer</u> would presumably not have found it necessary to depart from the guidelines.

Nor does note 4 to the commentary on § 3E1.1 change our view. Note 4 states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, cmt. n.4 (2002). The note thus indicates merely that when both obstruction and acceptance are found, the acceptance adjustment is rarely awarded. The note nowhere states or suggests that the acceptance adjustment, if awarded, may be less than the mandated two levels.

Accordingly, we join our sister circuits in holding that USSG § 3E1.1(a) must be interpreted in a binary fashion: either the defendant qualifies for the full two-level acceptance of responsibility adjustment or the defendant gains no acceptance of responsibility adjustment at all. Our holding reflects the policy of the guidelines, as well as the text of § 3E1.1, which instructs that when "the defendant clearly demonstrates acceptance of responsibility for his offense, [the court should] decrease the offense level by **2** levels." USSG 3E1.1 (emphasis in original). Section 3E1.1 thus mandates both *clear* acceptance, and a *two*-level

adjustment when that clear acceptance is found. USSG § 3E1.1 (emphasis in original).

The sentencing guidelines thus do not provide district court judges with the discretion to fashion even the best-intentioned of Solomnic compromises when it comes to applying § 3E1.1. Because § 3E1.1 is an all or nothing proposition, it was error for the district court to split the difference by granting a one-level downward adjustment.

### 2. Plain error

Given that the district court erred, we must next inquire whether that error constitutes *plain* error. An error is plain if it is "clear or obvious under current law." United States v. Fabiano, 169 F.3d 1299, 1302-03 (10th Cir. 1999) (internal quotation marks omitted). Whether the district court's compromise assessment of a one-level adjustment in this case was an error that was clear or obvious is a somewhat close question. Surely the guideline could have been written more clearly. And, in light of the district court's approach in Maurer, 76 F. Supp. 2d at 358, it could be argued that at least one federal district court has identified grounds for a single-point adjustment on facts somewhat similar to those presented here. However, "the absence of circuit precedent [does not] prevent[] the clearly erroneous application of statutory law from being plain error." United States v. Evans, 155 F.3d 245, 252 (3d Cir. 1998). We conclude, in light of the factors

-13-

discussed above, that the guideline clearly and obviously is limited to the all or nothing adjustment. The district court's error was therefore plain.

### 3. Substantial Rights Affected

Whether the district court's error affected substantial rights is a closer question. Although we do not reach an ultimate conclusion on this question, we set forth our analysis because the closeness of this question is a factor in our analysis under the fourth-prong of Olano.

An error affects substantial rights where the error was "'prejudicial,'" that is, if it "'affected the outcome of the district court proceedings.'" United States v. Wiles, 102 F.3d 1043, 1055 (10th Cir. 1996) (quoting Olano, 507 U.S. at 734)), vacated on other grounds, United States v. Schleibaum, 522 U.S. 945 (1997). A defendant appealing her sentence who failed to timely object to the alleged error

bears the burden of proving prejudice under plain error analysis.[3]  See Olano, 507

U.S. at 534.

The government argues that even if the district court erred, the error did not

affect substantial rights because, with the one-level reduction, Ms. Brown faced a

sentencing guideline range of twenty-one to twenty-seven months' imprisonment

and was sentenced to 24 months' imprisonment, a sentence within the guideline

range Ms. Brown would have been assigned had she received the two-level

adjustment for acceptance of responsibility.  It is therefore possible, the

government argues, that the district court, even utilizing the offense level of 15

(and the attendant range of 18 to 24 months) sought by Ms. Brown, would again

impose a prison sentence of 24 months.

---

[3] The Supreme Court in Olano stated that there are two categories of errors
which may not require a prejudice showing.  First, "the Supreme Court has
cautioned that some errors to which no objection was made should be 'presumed
prejudicial' if the defendant cannot make a specific showing of prejudice."
United States v. Adams, 252 F.3d 276, 285 (3d Cir. 2001) (quoting Olano, 507
U.S. at 735).  Second, "there may be a special category of forfeited errors that can
be corrected 'regardless of their effect on the outcome.'"  Id.  The Third Circuit
has stated, regarding this second category, that the Supreme Court is "apparently
referring to 'structural' constitutional errors."  Adams, 252 F.3d at 285, n.6
(quoting Olano, 507 U.S. at 735).

However, as we observed above, Ms. Brown does not allege a
constitutional error, let alone of the structural kind, nor do we perceive such a
violation in the misapplication of § 3E1.1.  Moreover, we do not think that an
error such as that at issue in this case that may have led to a relatively minor
*decrease* in the defendant's sentence should be "presumed prejudicial."
Accordingly, we decline to relieve Ms. Brown of her burden of demonstrating
prejudice.

Although the government's argument has some force, it is too speculative. Where the sentencing error caused an increase in the applicable adjustment level, "the fact that guideline ranges overlap does not make a plain error harmless." United States v. Osuna,189 F.3d 1289, 1294 (10th Cir. 1999) (on plain error review, reversing when the district court erroneously applied a guidelines range of 51-63 months rather than the correct (and overlapping) range of 46-57 months). See also, e.g., United States v. Knight, 266 F.3d 203, 208 (3d Cir. 2001) (noting that "the application of an incorrect guideline range resulting in a sentence that is also within the correct range affects substantial rights") (collecting cases) (quotations omitted); United States v. Pielago, 135 F.3d 703, 714, n.1 (11th Cir. 1998) (Kravitch, J., concurring in part and dissenting in part) (prejudice established when actual sentence of 140 months based on erroneous use of offense level with range of 135-168 months was within the range of correct sentence range of 121-151 months "[b]ecause the district court did not clearly state that it would have imposed" the same sentence were the correct sentencing range applied).

Certainly, if we *did* remand, Ms. Brown's sentence might not change. Indeed, as we discuss under the fourth prong of our plain error analysis, it is unlikely that the district court on remand would be favorably disposed towards Ms. Brown's claim for a reduced sentence. However, we recognize that the district court, which chose a sentence at the center of the applicable guideline range,

-16-

could, *theoretically*, choose to do so again, a result that would decrease Ms.

Brown's sentence by three months to a 21 month term of imprisonment. Thus, we

are somewhat reluctantly constrained to reject the government's "overlap"

argument. See Osuna, 189 F.3d at 1294 (noting that "overlap does not make a

plain error harmless").

However, there is an additional justification for concluding that no

substantial rights were affected. Neither this nor any other circuit has extended

the rule of presuming that an error affects substantial rights to cases where the

incorrect application of the guidelines led to the application of a lower offense

level, but still yielded a sentence still within the range permitted by the statute, i.e.

a sentence that was erroneous, but not "illegal."[4]  Indeed, we recently held in

United States v. Battle, 289 F.3d 661 (10th Cir. 2002), on plain error review, that

the appellant / defendant had not shown that substantial rights were affected when

---

[4] The imposition in this case of a sentence within the statutorily prescribed range means that the sentence imposed by the district court was erroneous, but not illegal. "'Illegal sentences are essentially only those which exceed the relevant statutory . . . limits . . . .'" Virgin Islands v. Martinez, 239 F.3d 293, 299, n.3 (3d Cir. 2001) (quoting 8A J. Moore's Fed. Prac. § 35.03[2] (2d. ed. 1987). This distinction is significant because "[t]his [c]ircuit regularly has found reversible error when the sentence imposed by the district court exceeded statutory maximum penalty applicable to the offense of conviction," United States v. Jones, 235 F.3d 1231, 1238 (10th Cir. 2000), and has stated that "the imposition of an illegal sentence constitutes plain error even if the sentence favors the defendant," United States v. Moyer, 282 F.3d 1311, 1319 (10th Cir. 2002). Reliance here on cases involving review of "illegal" sentences would therefore be misplaced.

-17-

the district court's error caused the defendant to receive an offense level two levels below the correct level. There, we noted that "the total offense level should have been 43," and that "[t]he district court erred when it determined the offense level to be . . . 41." Id. at 671. In affirming, we held that no prejudice had been established, because "[e]ven though the district court erred in computing [the defendant's] offense level, . . . . [the defendant] was not prejudiced by the district court's application of a lower offense level." Id. See also United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998) ("The question then becomes whether the plain error affected the substantial rights of the appellant") (emphasis added); United States v. Barajas-Nunez, 91 F.3d 826, 836 (6th Cir. 1996) (Siler, J., concurring in part and dissenting in part) ("substantial rights, as described in Olano, are those rights of the defendant at bar, not substantial rights of defendants in other cases") (internal citations omitted).

Ms. Brown's case closely tracks the sentencing posture present in Battle. However, we need not decide whether to extend Battle to the facts of the instant case. Instead, we assume, without deciding, that the third prong is satisfied because, as discussed below, we conclude that the fourth prong under plain error analysis is not met in this case. See Johnson, 520 U.S. at 469 ("We need not decide that question because, even assuming that the [error] "affec[ted] substantial rights," it does not meet the final requirement of Olano."); Olano, 507 U.S. at 737

-18-

("a plain error affecting substantial rights does not, without more, satisfy the . . . standard [for reversal], for otherwise the discretion afforded by Rule 52(b) would be illusory"); United States v. Vasquez, 271 F.3d 93, 121 n.2 (3d Cir. 2001) (en banc) (Sloviter, J., dissenting) (noting that "in affirming [plainly erroneous] sentences," appellate courts have "shift[ed] the inquiry from the effect on substantial rights to the discretionary question referred to in Olano") (collecting cases).

### 4. The integrity, fairness, or public reputation of the judicial proceedings

When a plain error affecting substantial rights "seriously affects the fairness, integrity, or public reputation of judicial proceedings," we *may in our discretion* choose whether to correct the error. Johnson v. United States, 520 U.S. at 467 (internal quotation marks omitted) (quoting Olano, 520 U.S. at 732). We have observed, after Olano, that our recognition of a plain error represents a narrow exception to the general rule that objections not made are deemed forfeited on appeal. See United States v. Nelson, 36 F.3d 1001, 1003 (10th Cir. 1994) ("Nelson did not raise this objection at his sentencing hearing, which normally precludes review by this court. However, we recognize a narrow exception for plain error.") (internal citation omitted). "In order to invoke the exception," we have stated, "the

error must be "*particularly egregious*." Id. at 1003 (quotations and citations omitted) (emphasis supplied).

"[B]ecause relief on plain-error review is in the discretion of the reviewing court," Ms. Brown as the defendant / appellant "has the [] burden to persuade the court that the error "'seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings.'" United States v. Vonn, 122 S. Ct. 1043, 1048 (2002) (quoting Olano, 507 U.S. at 736) (additional internal quotations omitted). Ms. Brown nowhere contends on appeal that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings, thus failing to meet her burden of persuasion. Further, as detailed below, even after conducting an independent analysis, we conclude that the facts of her case do not justify the exercise of our discretion.

A review of federal appellate decisions considering whether to correct unobjected-to sentencing errors reveals that the key concern has been whether correct application of the sentencing laws would likely significantly reduce the length of the sentence. When circuit courts have concluded that it would, they have not hesitated to exercise their discretion to correct the error. See, e.g., United States v. Syme, 276 F.3d 131, 157-58 (3d Cir. 2002) (when the erroneously applied offense level was 21 (37-46 months) and the correct level was 19 (30-37 months), concluding that the error "seriously affects the fairness, integrity, or public

reputation of judicial proceedings"), cert. denied, 71 USLW 3234 (Dec. 2, 2002); United States v. Portillo-Mendoza, 273 F.3d 1224, 1228 (9th Cir. 2001) (in exercising its discretion under Olano, stating that "fairness is undermined where a court's error impose[s] a *longer sentence* than might have been imposed had the court not plainly erred") (emphasis added) (internal quotation marks omitted); United States v. Williamson, 183 F.3d 458, 464 (5th Cir. 1999) ("Leaving [the defendant] incarcerated for 30 years when he should have been sentenced to no more than 15 under existing precedent . . . seriously would affect the fairness, integrity and public reputation of judicial proceedings by undermining the rule of law."); United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996) ("If we do not correct this error, [the defendant] will serve a term of imprisonment three years *longer* than required by the sentencing guidelines.") (emphasis added).

Conversely, however, where, on plain error review, applying the proper rule would not likely result in significant reduction in the length of an erroneous sentence, "circuits have chosen not to exercise their discretion to correct plain sentencing errors . . . . when the difference in the length of the sentence imposed and the correct sentence was not significant enough" to justify recognizing the error. United States v. Gordon, 291 F.3d 181, 194 (2d Cir. 2002), petition for cert. filed (No. 02-6163 Aug. 20, 2002). See also United States v. Poster 'N' Things, Ltd., 969 F.2d 652, 663 (8th Cir. 1992) (stating that the sentencing error at issue "was

plainly an error," but declining to recognize the error because imposition of the proper sentence would have yielded a sentence of 120 months, as opposed to the erroneous actual sentence of 108 months), aff'd, 511 U.S. 513 (1994); United States v. Filker, 972 F.2d 240, 242 (8th Cir. 1992) (in declining to recognize the sentencing error at issue, reasoning that "[the defendant] will serve fifteen months in prison *less* than the minimum sentence he would have served had the district court adopted the [correct sentence] and stating that "[the defendant's] eighteen-month sentence does not constitute a gross miscarriage of justice") (emphasis added); United States v. Garcia-Pillado, 898 F.2d 36, 39 (5th Cir. 1990) (declining to recognize a plain error where the "claim is in essence that the sentence is ten percent shorter than it should have been, fifty-four months rather than sixty"), disapproved of in part, on other grounds, United States v. Calverly, 37 F.3d 160, 162, n.20 (5th Cir. 1994).

Our plain error review of Ms. Brown's case presents an unusual combination of circumstances: a plea agreement, subsequent fraud on the court by the defendant, the district court's grant of a compromise one-level departure likely in the defendant's favor that was legally erroneous but led to the imposition of a sentence

within the range prescribed by Congress,[5] no objection at the trial level by any party, an assertion of error on appeal only by the appellant / defendant, and a close question as to whether substantial rights were affected.

We think that the rationale of the latter category of cases – those where the district court's error was in the defendant's favor and not significant enough to merit reversal – is applicable here. Our review of the record suggests rather strongly that the district court's error subtracted, rather than added, one level from the offense level the district court would have otherwise imposed had it recognized that a one-level adjustment was impermissible. We note that the PSR recommended that Ms. Brown receive *no* points for acceptance and a consequent offense level higher than that imposed. Further, the government specifically opposed, and continues to oppose, a two-level reduction for acceptance of responsibility.

Nor do we find it remotely likely that Ms. Brown would receive a sympathetic ear from the district court if we remanded for further proceedings. The district court's comments regarding Ms. Brown's obstruction of justice reflect its highly critical outlook on Ms. Brown's conduct, one that is difficult to reconcile with a

---

[5] As discussed in note 4, the sentence imposed on Ms. Brown was not illegal. This case is therefore distinguishable from cases such as United States v. Moyer, 282 F.3d 1311, 1319 (10th Cir. 2002), where the appellate court exercised plain error discretion to correct a sentencing error that had favored the defendant because the district court imposed a sentence of ten years' imprisonment where the correct sentence required a minimum sentence of fifteen years.

prospective scenario where the court on resentencing would award the full two-level reduction for acceptance of responsibility. See, e.g., Aple's App. at 4 (Sentencing Hr'g dated June 29, 2001) (concluding that the evidence "can only compel the Court's conclusion of fabrication"); id. at 8 ("I mean when people stand here . . . and say these are the facts . . . and it turns out that . . . those aren't the facts, those just happen to be the documents . . . then it enormously undermines the system."); id. at 11 ("So I'm simply troubled by that input being manufactured.").

The district court's error strikes us as unlikely to generate much of an unfavorable view of the proceedings or of the judiciary, let alone one with a "serious" impact on the fairness, integrity or reputation of the judicial proceeding as required under Olano to recognize error. 507 U.S. at 732. Nor do we think that the district court's error, which likely subtracted three months from a twenty-seven month sentence, was "particularly egregious," thus failing the standard we reaffirmed in Nelson, 36 F.3d at 1003 (internal quotation marks omitted).

Indeed, the district court could plausibly have reached the same result via a correct application of the guidelines, either through applying the offense level one level higher or lower than the one used, or by, given the unusual mix of facts in this case, relying on USSG § 5K2.0, which authorizes departures from the otherwise applicable guideline range when "an offender characteristic or other circumstance that is . . . not normally relevant in determining whether a sentence should be

outside the applicable guideline range . . . is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines." USSG § 5K2.0.

This then is not a case where letting an erroneous sentence stand "would fly in the face of one of the primary purposes of the sentencing guidelines – the elimination of disparities in sentencing." Barajas-Nunez, 91 F.3d at 833. Rather, we think that Ms. Brown's sentence is similar to those likely to be imposed on other similarly situated defendants and is consistent with the guidelines' purpose. See id. ("[I]n enacting sentencing guidelines, 'Congress sought reasonable uniformity in sentences imposed for similar criminal offenses committed by similar offenders.'") (quoting USSG Ch. 1, Pt. A, § 3).

In short, the district court's error does not represent the kind of error that we should go out of our way to correct where we are within our discretion to let the sentence imposed by the district court stand. Accordingly, we hold that Ms. Brown has not met her burden of establishing that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings. We therefore decline to exercise our discretion to reverse the district court's error.

**CONCLUSION**

For the reasons discussed above, we DISMISS the appeal of the district court's refusal to grant a downward departure under USSG § 5K2.13 and AFFIRM the district court's grant of a one-level downward adjustment under USSG § 3E1.1.