**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CODY J. ROBINSON,

    Defendant-Appellant.

No. 08-8047

(D.C. No. 1:07-CR-00189-CAB)
(Dist. of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

Defendant Cody J. Robinson pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court calculated Defendant's Guidelines range to be 63 to 78 months' imprisonment. Although Defendant's attorney requested a below Guidelines sentence, the district court, after considering the 18 U.S.C. § 3553(a) factors, determined that a sentence of 70 months' imprisonment was appropriate.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On appeal, Defendant's counsel requested the court's consent to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). The Government has elected to not file a response. Defendant filed a letter requesting that his appeal be withdrawn. Our local rules require that a voluntary motion to dismiss a criminal appeal contain "a statement, signed by the appellant, demonstrating knowledge of the right to appeal and expressly electing to withdraw the appeal." 10th Cir. R. 46.3(B). Defendant's letter did not clearly demonstrate such knowledge of his rights. Out of an abundance of caution, we will proceed to examine whether the record reveals any non-frivolous bases for appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss Defendant's appeal and grant defense counsel's motion to withdraw. Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir.2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client may then choose to submit arguments to the court in response. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal. Here, Defendant's counsel has not identified any meritorious potential bases for appeal. Therefore, we will undertake our own review.

After independently reviewing the record, we are convinced that Defendant

2

knowingly, voluntarily, and intelligently pleaded guilty. We have likewise reviewed the pre-sentence report (PSR) and sentencing transcript for procedural and substantive reasonableness. See United States v. Algarate-Valencia, 550 F.3d 1238, 1242 (10th Cir.2008) ("Appellate courts review sentencing decisions first for procedural reasonableness, and then for substantive reasonableness."). We note that Defendant informed the district court that he read the PSR and that it was substantially correct. We also observe that, after the Government's attorney recited the appropriate Guidelines range, the district court observed that a range of 63 to 78 months based on a total offense level of 25 and a criminal history category of II comported with its own calculations. Defendant did not object to the district court's calculation of the Guidelines sentence or its explanation of why a 70-month sentence was more appropriate. Therefore, we would review any appeal of the procedural reasonableness of the district court's sentence for plain error only. See United States v. Brown, 316 F.3d 1151, 1155 (10th Cir.2003). Under this record, we cannot deduce any error, much less a plain one. Consequently, we find Defendant's sentence procedurally reasonable.

Similarly, we hold the district court properly exercised its discretion and imposed a substantively reasonable sentence. We presume that sentences within the guidelines range are substantively reasonable and nothing in the record rebuts that presumption. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir.2006). To the contrary, the district court sentenced Defendant toward the low end of the

3

recommended Guidelines sentence. Defendant's sentence was substantively reasonable in light of the factors identified in 18 U.S.C. § 3553(a).

For the foregoing reasons, we have determined that Defendant's appeal is frivolous under Anders. Accordingly, we DISMISS Defendant's appeal and GRANT his counsel's motion to withdraw from this case. See Anders, 386 U.S. at 744 (holding that, if a defendant's appeal is "wholly frivolous," an appellate court "may grant counsel's request to withdraw and dismiss the appeal").

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

4