**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DONALD G. HOGUE,

      Defendant - Appellant.

No. 04-1238
(D.C. No. 03-CR-399-D)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL, MURPHY,** and **McCONNELL**, Circuit Judges.

Donald G. Hogue ("Defendant") pled guilty to misuse of a social security

number, in violation of 42 U.S.C. § 408(a)(5). The district court sentenced

Defendant to five months in custody, followed by five months of home detention

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as a condition of his supervised release.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we AFFIRM.

**BACKGROUND**

In December of 2003, Defendant pled guilty to one count of "knowingly and wilfully converting Social Security disability payments for the use and benefit of a person other than the intended beneficiary," in violation of 42 U.S.C. § 408(a)(5).  Pursuant to a plea agreement, six other related counts were dismissed.

The offense at issue arose because Defendant falsely represented to the Social Security Administration that he had legal custody of his daughter, Sara Henderson; applied to be her representative payee; and then converted her disability payments for his personal use.  Defendant also falsely represented to the Social Security Administration that he had in fact received and used the payments on Henderson's behalf.  In truth, Henderson did not live with Defendant, and he did not provide her any financial support.

Defendant was sentenced based on an offense level of 10 and a criminal history category of III, which resulted in a recommended sentencing range of 10 to 16 months.  The district court sentenced Defendant at the bottom of this range, imposing a five-month prison sentence followed by five months of home

detention. The home detention was imposed as a condition of his three years of supervised release.

**DISCUSSION**

Defendant suffers from rapid-cycling bipolar disorder, post-traumatic stress disorder, and a personality disorder. Based on his mental condition, Defendant sought a downward departure at sentencing. The district court refused, and now on appeal, Defendant seeks to challenge this decision. Specifically, Defendant argues that the district court should have departed based on Defendant's diminished capacity pursuant to § 5K2.13, and also because Defendant's criminal history over-represents the seriousness of his criminal past due to his history of mental illness. We address each of these arguments in turn.

*1.     Offense level departure for diminished capacity*

Before the district court, Defendant argued that because his bipolar disorder was "a pervasive part of his life" and because he committed the instant offense "to feed his gambling disorder, which is a clearly recognized clinical symptom of bipolar disorder," a diminished capacity departure was warranted.

"Absent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." United States

v. Saffo, 227 F.3d 1260, 1271 (10th Cir. 2000). Appellate review exists only in "the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." United States v. Brown, 316 F.3d 1151, 1154 (10th Cir. 2003).

In this case, the district court recognized that the applicable sentencing policy statement on diminished capacity provides that a departure "may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13 (2003).

After hearing oral argument on the issue, the district court denied Defendant's motion, concluding that "on the record before me, I can't tell the extent to which the bipolar condition contributed substantially . . . to the commission of the offense." Defendant had submitted only general documentation on bipolar conditions universally, but provided no specific affirmative evidence showing how Defendant's particular case of bipolar disorder directly affected him over the course of the several years during which the instant offense was committed. The district court concluded that there was "an inadequate showing by the defendant, who has the burden here, that in fact the

bipolar condition in the context of the diminished capacity request . . . has been met."

On this record, we have no doubt that the district court understood its discretion to depart under § 5K2.13 but concluded, based on the particular facts of Defendant's case, that the departure was not warranted. Thus, we have no jurisdiction to review the decision not to depart based on diminished capacity.

Defendant asserts that we do have jurisdiction because the court misinterpreted the guideline by imposing a heightened "but-for causation" requirement on Defendant. We need not decide whether such a requirement would be a proper application of the § 5K2.13 guideline language in the abstract, however, because the district court never applied such a standard here. Instead, the district court consistently stated the exact language of the guideline, expressly looking to whether Defendant's bipolar disorder "contributed substantially" to the commission of the offense.[1] Defendant simply failed to convince the court that a § 5K2.13 diminished capacity departure was warranted in this case. Accordingly, we must dismiss this claim on appeal.

---

[1]For example, the district court explicitly stated that the "test now is that in order to receive a departure for diminished capacity, the significantly reduced mental capacity must have contributed substantially to the commission of the offense."

## 2. *Criminal history departure for over-representation due to mental illness*

Defendant also argues that the district court should have departed downward from Defendant's criminal history category in recognition of the extent to which Defendant's mental illness impacted his past criminal conduct. According to Defendant, the district court failed to rule on this issue, which was raised in Defendant's written motion for downward departure, and the sentence should therefore be vacated and the case remanded for resentencing, with proper consideration given to this ground for departure.

We do not agree that the district court failed to address this issue. In its final statement at sentencing, the district court said:

> Let me just note that even though my reason [for refusing to depart] primarily focused on § 5K2.13, the Court makes an affirmative finding that there is an inadequate showing that there are extraordinary mitigating circumstances which would allow me to conclude that a downward departure is appropriate under section 5K2.0. The defendant has seven convictions which were not assessed criminal history points which includes two felony convictions. The Court finds that the defendant's criminal history category, meaning criminal history category III, as determined by the Court, is appropriate, proper, does not significantly overrepresent the seriousness of his criminal history of the likelihood that he will commit further crimes. The Court finds no reason to depart from the Guideline range. . . .

Defendant emphasizes that the district court "made a confusing reference" in its citation to § 5K2.0 before discussing the appropriateness of Defendant's criminal history category and in this regard only discussed the number of

Defendant's prior convictions, without considering whether Defendant's bipolar disorder warranted a criminal history departure.[2]  Instead, § 4A1.3 governs criminal history category departures.  The district court's statements at sentencing directly track the language of § 4A1.3, which provides that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."  U.S.S.G. § 4A1.3 (2003).  At best, the district court's failure to cite § 4A1.3 explicitly makes his statement ambiguous; however, even if that were the case, "we treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999.)  We have no doubt this was the case here.

As for Defendant's argument that the court considered only the number of convictions, without addressing the effect of Defendant's history of suffering

---

[2]Section 5K2.0 provides generally for downward departures based on a finding that the defendant's case presents circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that . . . would result in a sentence different from that described."  U.S.S.G. § 5K2.0(a) (2003).  Defendant raised below an alternative grounds for departure under this guideline based on a combination of his mental illness and his abusive childhood.  However, this issue has not been raised on appeal.

from bipolar disorder on his criminal history, we find this suggestion entirely unconvincing given the district court's earlier findings that Defendant had failed to present any evidence, aside from his counsel's own assertions, of how bipolar disorder had actually affected Defendant personally. Moreover, we note that it is not clear that the district court even could have considered Defendant's mental illness outside the context of § 5K2.13. The guidelines specifically state: "Mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." U.S.S.G. § 5H1.3 (2003). Having concluded that Defendant's evidence was inadequate to establish the effect of his bipolar condition on his conduct for purposes of § 5K2.13, there may have been no need to continue to consider his requests for a departure based on the same claims of mental illness in the criminal history context.

Once again, "[a]ppeal jurisdiction exists only if the court states that it lacks authority to depart for the entire class of circumstances proffered by the defendant, not if it concludes that it lacks authority under the defendant's particular circumstances." United States v. Mendez-Zamora, 296 F.3d 1013, 1018-1019 (10th Cir. 2002). Here, the district court found that Defendant's criminal history category III is "appropriate, proper, [and] does not significantly

overrepresent the seriousness of his criminal history of the likelihood that he will commit further crimes." The district court clearly knew it had authority to depart but found "no reason to depart" in this particular case. Thus, we cannot review this issue, and accordingly, we must dismiss this appeal.

## CONCLUSION

For the foregoing reasons, the appeal is DISMISSED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge