**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN LLOYD CRAVEN, SR.,

    Defendant - Appellant.

No. 04-7059

(D.C. No. 04-CR-5-WH)

(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant was indicted for possession with intent to distribute at least five (5) grams of cocaine base (Count 1) and possession with intent to distribute at least fifty (50) grams of methamphetamine (Count 2). Defendant pled guilty to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

both counts, waiving his right to a jury trial. At sentencing, the district court, based on recommendations included in the presentence report, concluded that the specific amount of cocaine base attributable to Count 1 was 10.8 grams, while the specific amount of methamphetamine attributable to Count 2 was 345 grams. Defendant was sentenced according to these specific quantities found by the district court, and received a sentence of 180 months' incarceration for each count, to be served concurrently, followed by a thirty-six (36) month term of supervised release.

Defendant challenges his sentence as being imposed in violation of his Sixth Amendment rights, as articulated in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Because he did not raise this issue to the district court, we review for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). Under that standard, we will only reverse Defendant's sentence if Defendant can prove that the sentence imposed was (1) error, (2) which is plain, (3) which affects his substantial rights, (4) sufficient to warrant an exercise of our discretion to correct the error so long as it does not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

We have recognized two types of *Booker* errors–constitutional and non-constitutional. *See United States v. Lawrence*, ___ F.3d ___, 2005 WL 906582, at *12 (10th Cir. Apr. 20, 2005). In this appeal, Defendant claims the district court

committed both types of errors in sentencing him.[1]

In analyzing Defendant's claim of constitutional *Booker* error, we apply the plain-error review less rigorously. *United States v. Brown*, 316 F.3d 1151, 1155 (10th Cir. 2003). We agree with the parties that the district court committed both clear and plain error by finding quantity facts. However, in order to obtain the desired relief, Defendant must also establish the third prong of the plain error test by demonstrating that his sentence was "prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

The bulk of Defendant's argument as to the "prejudice" prong is an attempt to persuade us to follow the reasoning of the Sixth Circuit in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), and presume prejudice. In filing his supplemental brief, Defendant did not have the benefit of our opinion in *Gonzalez-Huerta*, where we expressly rejected this approach. 403 F.3d at 735-36. Although the analysis in *Gonzalez-Huerta* was specifically concerned with non-constitutional error, our reasoning is equally applicable to constitutional *Booker* error. *See United States v. Dazey*, 403 F.3d 1147, 1175 (10th Cir. 2005)

---

[1]Footnote 1 in Defendant's supplemental brief indicates a belief on Defendant's part that he has claimed, in this appeal, that his sentence violated his Fifth Amendment rights. After thorough review of Defendant's briefs, however, we could not find, and therefore do not address, Defendant's alleged Fifth Amendment argument.

(explaining how an aggrieved defendant can *prove* prejudice for an alleged constitutional *Booker* error). Accordingly, we do not presume prejudice in this case.

We have recognized two avenues a defendant may follow to demonstrate a reasonable probability that but for the constitutional error, the result would have been different:

> First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights. . . . Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), [footnote omitted] the district court judge would reasonably impose a sentence outside the Guidelines range.

*Id.* Under either test, Defendant has not demonstrated how his substantial rights were affected.

The judicial fact-finding of which Defendant complains related solely to the district court's quantity determination. Defendant contends that but for this judicial fact-finding his sentence would have been less because he would have only been responsible for the quantity of drugs charged in the indictment. The district court's quantity finding was based on the presentence report which contained the opinions of a criminalist and a forensic chemist. Neither at sentencing nor on appeal has Defendant articulated a reason why the criminalist's

-4-

report, which concluded that the drugs confiscated amounted to 10.8 grams of cocaine base, was in error or otherwise unreliable. The same is true of the forensic chemist's report, which concluded that the amount of methamphetamine confiscated was 345 grams. Presuming, therefore, that such evidence is reliable, in conjunction with the fact that it was never contradicted by Defendant, he has not sufficiently demonstrated how a jury, applying a reasonable doubt standard, would have found differently.

Defendant also fails to point to specific facts in this case that establish a reasonable probability that a sentencing judge would impose a sentence outside the Guidelines range. Accordingly, Defendant has not met the third prong required under plain error analysis as to his claim of constitutional *Booker* error. The district court, therefore, did not commit "plain error" in making the quantity determination.

Although we again agree with the parties that the district court's mandatory application of the Guidelines was a clear and plain error, Defendant has not presented a valid argument regarding the "prejudice" prong. For Defendant to demonstrate that his substantial rights were affected by the district court's mandatory application of the Guidelines, he "must show a 'reasonable probability' that the defects in his sentencing altered the result of the proceedings." *Id.* Defendant's sole argument for satisfying this prong of the plain error test is for us

to presume prejudice.  Because we specifically rejected that approach as applied to non-constitutional *Booker* error in *Gonzalez-Huerta*, Defendant has not shown that the district court's mandatory application of the Guidelines affected his substantial rights.  Thus, the district court's mandatory application of the Guidelines was not "plain error."

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge