**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EARNEST RICHARDSON, a/k/a
"Moon",

Defendant-Appellant.

No. 06-6125

Western District of Oklahoma

(D.C. No. CR-05-74-T)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Earnest Richardson argues that the district court erred in applying a two-level enhancement for his role as the organizer or leader of a crime, and that his two consecutive 51-month sentences constitute an unreasonable variance from the 41- to 51-month Sentencing Guidelines range. We find that the district court did

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not plainly err in applying a two-level enhancement and that the consecutive prison terms constitute a reasonable sentence based on the factors enumerated in 18 U.S.C. § 3553(a). Accordingly, we affirm the district court's judgment.

## I. BACKGROUND

In 2001, Mr. Richardson was involved in an identity theft scheme. He purchased large quantities of merchandise at local retail stores on credit using personal information from the death certificates of recently deceased individuals. On April 12, 2005, a grand jury indicted Mr. Richardson on three counts of fraud and one count of using a false social security number. Mr. Richardson pled guilty to all four counts contained in the indictment.

The presentence report ("PSR") calculated a total offense level of fifteen based, in part, on a two-level increase for being an organizer or leader of criminal activity. The report also attributed eighteen criminal history points to Mr. Richardson, which qualified him for a Criminal History Category of VI. This calculation resulted in a sentencing range of 41 to 51 months imprisonment.

The report based the two-level organizer or leader enhancement on an episode in which Mr. Richardson enlisted a neighbor, Michael Browne, to help him fraudulently obtain retail merchandise. On June 25, 2001, Mr. Richardson asked Mr. Brown to rent a U-Haul truck and drive it to a local Target. Mr. Richardson instructed Mr. Browne to fill out a credit card application based on a handwritten sheet of information that Mr. Richardson provided. This sheet

contained the identity of a deceased individual. Mr. Richardson and Mr. Browne filled a shopping cart full of goods and proceeded to check-out, where the cashier requested identification matching the name on the credit application. Unable to produce the requested identification, the duo left the store without the merchandise. The credit application was denied by the Target employee at the check-out line and the two men left the store.

Mr. Richardson initially objected to the PSR in its entirety, but at his sentencing hearing he withdrew all objections to the report. After acknowledging the Sentencing Guidelines range of 41 to 51 months, the district court concluded that it was inadequate given the Defendant's "excessively long" criminal history, the seriousness of the offense in causing "nightmarish" effects on the victims' families, the need for effective deterrence of this type of conduct, and the need to protect the public from further crimes of this nature. Based on these considerations, the court decided to vary from the Guidelines and impose two of Mr. Richardson's 51-month sentences consecutively instead of concurrently, resulting in a total sentence of 102 months imprisonment, three years of supervised release and a fine of $14,404.41. This appeal followed.

In addition to the appellate brief filed by counsel, Mr. Richardson has filed a *pro se* supplemental brief raising a wide variety of additional arguments and claims. We invoke this Court's longstanding policy of exclusively addressing issues raised by counsel when a party has access to representation on appeal.

*United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) (denying a motion to file a *pro se* supplemental brief because the defendant was represented by counsel); *United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993) ("It is our policy on direct appeals such as this only to address issues raised by counsel, who have been trained and in many cases appointed for that very purpose, and we invoke that policy here.").

## II. DISCUSSION

### A. Two-Level Enhancement

Mr. Richardson argues that the district court erred in applying a two-level enhancement based on his role as an organizer and leader of a crime. Specifically, he contends that Mr. Browne did not have the requisite mens rea to qualify as a criminal participant. He supports this contention by pointing to a statement in the PSR, obtained through an FBI investigation, recounting that Mr. Browne "'didn't believe anything untoward was happening.'" Appellant's Opening Br. 10–11 (quoting R. Vol. IV, at 7).

Because Mr. Richardson failed to challenge the adjustment below, we review the district court's two-level enhancement for plain error. *United States v. Brown*, 316 F.3d 1151, 1155 (10th Cir. 2003); Fed. R. Crim. P. 52(b). Under plain error review, Mr. Richardson must show (1) the district court erred, (2) the error was plain, (3) the error affects substantial rights, and (4) the error "'seriously affects the fairness, integrity, or public reputation of judicial

proceedings.'" *Brown*, 316 F.3d at 1155 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The commentary to Guidelines § 3B1.1 indicates that in order for a defendant to qualify for a leadership adjustment "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants" in a crime. U.S. Sentencing Guidelines Manual, §3B1.1 cmt. n.2 (2005). "Participant" is defined as "a person who is criminally responsible for the commission of the offense." *Id*. at n.1. Because mens rea is an essential element of criminal culpability, an individual must have the requisite mens rea for the commission of a crime in order to qualify as a participant under the Sentencing Guidelines. *United States v. Glinsey*, 209 F.3d 386, 396 (5th Cir. 2000) (stating that in order for an individual to qualify as a "participant" under §3B1.1, he must have participated "knowingly in some part of the criminal enterprise").

We thus face a factual dispute regarding whether Mr. Browne had the criminal intent necessary to qualify as a participant in criminal activity. Because Mr. Richardson failed to raise the issue below, the government did not have an opportunity to present evidence on the question and we have no way, on this record, of shedding further light upon it.

We can, however, dispose of Mr. Richardson's claim. This Court has clearly stated that "'factual disputes not brought to the attention of the court do not rise to the level of plain error.'" *United States v. Castorena-Jaime*, 285 F.3d

916, 926–27 (10th Cir. 2002) (quoting *United States v. Svacina*, 137 F.3d 1179, 1187 (10th Cir. 1998)). In *Castorena-Jaime*, the defendant argued that the trial court had erred by not suppressing statements she had made to police officers after her arrest. *Id.* at 926. Even though she had failed to raise the issue at trial, on appeal the defendant argued that because she did not understand her *Miranda* rights, the trial court should have suppressed statements made to police officers *sua sponte*. *Id.* The court concluded "[w]e cannot say the district court plainly erred by not *sua sponte* suppressing [the] statements where the factual dispute . . . was never brought to the district court's attention for resolution." *Id.* at 927. As in *Castorena-Jaime*, we cannot say that the district court committed plain error by failing to reject, *sua sponte,* a recommended two-level organizer or leader enhancement when the factual dispute over Mr. Browne's criminal intent was never brought to the attention of the district court for resolution.

## B. *Booker* Reasonableness

Mr. Richardson next argues that the two consecutive 51-month sentences imposed by the district court constitute an unreasonable variance from the Sentencing Guidelines range of 41 to 51 months. This Court reviews the length of criminal sentences "for reasonableness, using the factors enumerated in 18 U.S.C. § 3553(a) as our guide." *United States v. Bishop*, 469 F.3d 896, 906 (10th Cir. 2006). For sentences falling outside of the Guidelines range, we take into account the percentage and absolute length of the deviation from the

recommended Guidelines sentence. *United States v. Valtierra-Rojas*, 468 F.3d 1235, 1240 (10th Cir. 2006).

The Sentencing Guidelines permit the district court to impose consecutive sentences under certain circumstances, none of which exist in this case. *See* U.S.S.G § 5G1.2 (allowing for consecutive sentences if prescribed by statute, if the statutory maximum for a crime falls below the Guidelines "total punishment," or where the defendant is classified as a "Career Offender"). In effect, therefore, the sentence imposed by the district court in this case constituted a 100 percent, 51-month deviation from the maximum recommended Guidelines sentence.

We have held that the difference between a 78-month sentence and an advisory Guidelines range of 57 months, a 37% increase, constitutes a "significant increase" and requires "sufficient explanation and justification." *Bishop*, 469 F.3d at 908. Similarly, we have found that a 60-month sentence imposed for an offense with a maximum advisory Guidelines range of 27 months, a 122% increase, was a "substantial" increase requiring "compelling reasons." *Valtierra-Rojas*, 468 F.3d at 1237, 1239–40. As in *Valtierra-Rojas*, we conclude that the sentence imposed by the district court here constitutes a substantial variance that must be justified by compelling facts.

In determining the sufficiency of the Guidelines sentence, the district court must consider, among other factors, "the history and characteristics of the defendant" as well as "the need . . . to reflect the seriousness of the offense . . . to

afford adequate deterrence to criminal conduct . . .[and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). We determine whether the district court's justification is sufficient by analyzing "whether the particular characteristics of the defendant . . . are sufficiently uncommon to justify a divergence from the presumptively reasonable Guidelines sentence." *United States v. Mateo*, 471 F.3d 1162, 1169 (10th Cir. 2006).

Mr. Richardson argues that the factors invoked by the district court did not warrant a divergence from the Guidelines range. Specifically, he contends that the Guidelines adequately accounted for his criminal background; that there was nothing peculiar to his crime that escaped reckoning in the punishment affixed by the Guidelines; that the need for deterrence in this area of crime is a general consideration applicable to all defendants; and that the goal of protecting the public is not specific to his conduct.

The district court reviewed Mr. Richardson's criminal history and found an "extraordinary succession of criminal activities." R. Vol. II, at 16. These included theft, grand theft, giving false information to a peace officer, making false financial statements, claiming false identifications, driving on a suspended license, false impersonation, obtaining money by false pretense, resisting officers, possession of a narcotic, forgery, burglary, taking a vehicle without the owner's consent, and vandalism. R. Vol. IV, at 11–15. The eighteen criminal history points attributed to Mr. Richardson were five points greater than necessary to

qualify him for a Criminal History Category of VI. In addition, Mr. Richardson's most recent criminal activities were aimed not only at stealing from innocent victims, but at stealing from innocent individuals already dealing with the personal loss of a friend or family member. The district court concluded that "[t]he public needs to be protected from further crimes of this defendant," and imposed the sentence "to reflect the seriousness of the offense" and "to deter others from this kind of activity." R. Vol. II, at 17–18. In light of these considerations, it was not unreasonable for the district court to conclude that two consecutive 51-month terms were warranted.

Mr. Richardson also argues that the district court's upward variance was unreasonable because he had not been convicted of any crimes during the three years prior to his indictment in this case and none of his prior convictions were for violent offenses. Mr. Richardson's criminal record indicates that he has been engaged in a wide variety of criminal activities from 1986 to the end of 2001. Just because Mr. Richardson was not *convicted* of a crime in the three years leading up to his arrest in this case does not mean that the district court was unreasonable in determining that he needed additional deterrence from committing crimes or that the public needed additional protection from Mr. Richardson's future conduct. Similarly, just because Mr. Richardson's criminal history does not include violent crimes does not mean that the public does not need protection from his established pattern of non-violent conduct.

### III. CONCLUSION

The district court did not plainly err in assigning a two-level organizer or leader enhancement in computing Mr. Richardson's offense level, and the sentence of two consecutive 51-month terms of imprisonment was not unreasonable. The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge