**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JORGE AGUIRRE-SALAZAR,

 Defendant-Appellant.

No. 05-2134
(D.C. No. CR-04-2342 JH)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

 Jorge Aguirre-Salazar pled guilty to illegal reentry following deportation

for an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(b)(2). He was sentenced to 46 months in prison and filed this timely appeal.[1]

Mr. Aguirre's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Aguirre filed a one-page response to the *Anders* brief, and the government declined to submit a brief. Because we conclude that Mr. Aguirre's claims are frivolous, we dismiss his appeal and grant counsel's motion to withdraw.

Pursuant to Mr. Aguirre's plea agreement, the government agreed to recommend a two-level reduction for acceptance of responsibility, resulting in a total offense level of 19. The government also agreed to recommend a sentence at the low end of the applicable sentencing guidelines range as calculated by the presentence report (PSR) and to refrain from seeking an enhancement. Mr. Aguirre waived his right to appeal his sentence "except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court." Rec., vol. I, doc. 14 at ¶ 10. He also waived all collateral attacks on his conviction, except on the issue of ineffective assistance of counsel. *Id.*

The district court reviewed the plea agreement with Mr. Aguirre, inquiring

---

[1]The form submitted by Mr. Aguirre and received by the clerk's office on May 9, 2005 is titled "notice of untimely appeal." The record, however, indicates that Mr. Aguirre was sentenced on May 4, 2005. We therefore disregard the title of his filing and treat his appeal as timely.

among other things as to whether he understood that the court had the authority to depart from the sentence recommended in the agreement. Rec., vol. III at 6-7. Mr. Aguirre responded in the affirmative. The court accepted the plea after finding Mr. Aguirre was "fully competent and capable" of giving an informed plea and was "aware of the nature of the charges and the consequences of the plea." *Id.* at 9. The court then accepted the plea.

At his sentencing hearing, Mr. Aguirre made no objections to the PSR. The court adopted the PSR's findings and sentencing calculations. After adopting the plea agreement's recommendation that Mr. Aguirre be given a two-level reduction for acceptance of responsibility, the court determined that the total offense level of 19, combined with a criminal history category of IV, yielded a sentencing range of 46 to 57 months. The court sentenced Mr. Aguirre to 46 months.

In his *Anders* brief, counsel asserts he "conscientiously reviewed the transcripts and record on appeal." *Anders* Br. at 2, 6, 9. He states that "[b]ecause Mr. Aguirre's [conviction] is the result of his own confession or plea . . . , and the record contains no challenge to the voluntariness of the plea, there are no sufficiency of the evidence issues presented for appeal." *Id.* at 10-11. Counsel notes that Mr. Aguirre's plea agreement stipulated to the application of the sentencing guidelines to his case and called for a total offense level of 19 with the understanding that the government would recommend a sentence at the low end of

the applicable guideline range. *Id.* at 2-3, 6-7. Counsel points out that Mr. Aguirre made no objections to the PSR's findings and that the district court "honored all of the stipulations" and recommendations contained in the plea agreement. *Id*. at 3-4, 7-8, 10. Accordingly, counsel maintains "there [are] no sentencing issues presented by the record," *id.* at 11, even under plain error review. *Id.* at 12-13. The only other possible appealable issue is whether Mr. Aguirre received effective assistance of counsel, he says, but asserts the record does not reveal any "*per se* evidence of inadequate, ineffective assistance of counsel." *Id*. at 12. Finally, counsel states that, as part of the plea agreement, Mr. Aguirre waived his right to appeal his sentence. *Id.* at 1, 6, 7-8, 10, 13-16.

In response to his counsel's *Anders* brief, Mr. Aguirre contends his counsel "manipulated" his case and failed to provide him with competent advice as to the plea agreement and the length of the sentence likely to be imposed. He claims he had agreed to a sentence of 33 months, not a sentence of 46 months. He also contends the district court gave him an upward departure for a charge that was more than fifteen years old.

We have previously recognized that

> [t]he Supreme Court's decision in *Anders v. California*, authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to

-4-

> submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (internal citations omitted). After an examination of the record and consideration of both the *Anders* brief filed by counsel and Mr. Aguirre's response, we conclude there are no non-frivolous issues on which Mr. Aguirre has a basis for appeal.

We do not reach this determination on the ground that Mr. Aguirre waived his right to appeal his sentence.

> While the appeal waiver might well have provided a basis for dismissal of the appeal, had it been raised, this Court's precedents preclude dismissal on the basis of a waiver of appeal where the government has neither filed a motion to enforce the waiver nor raised the waiver in its brief.

*Id.* The fact that defense counsel mentioned the waiver in his *Anders* brief is immaterial. "Defense counsel is not the government, and has no authority to waive or invoke arguments on behalf of the government." *Id.* at 931. Because the government has not sought enforcement of Mr. Aguirre's plea agreement, we decline to enforce the appeal waiver. Instead, we move to the merits of the claims raised in Mr. Aguirre's notice of appeal and his one-page response to his counsel's *Anders* brief.

Mr. Aguirre first contends the district court erred in departing upward on

-5-

the basis of a fifteen year-old conviction. We have jurisdiction to review his claim pursuant to 18 U.S.C. § 3742. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). The district court did not "depart upward," however. Instead it merely adopted the criminal history category calculated in the PSR. Because Mr. Aguirre did not object to the PSR, we review the adoption of the PSR's calculations by the district court for plain error. *United States v. Brown*, 316 F.3d 1151, 1155 (10th Cir. 2003). To establish plain error, Mr. Aguirre must show that the district court 1) committed error, 2) that was plain, and 3) that affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (*en banc*). If the error meets these conditions, we may exercise our discretion to correct the error if it would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Cotton*, 535 U.S. at 631.

Mr. Aguirre's challenge fails to satisfy the first prong. While the PSR does list four convictions that are more than fifteen years-old, contrary to Mr. Aguirre's assertion those convictions were not used to calculate his criminal history category. *See* U.S.S.G. § 4A1.2(e)(3). Rather, his criminal history category was calculated using his 1998 conviction for operating a vehicle without insurance, his 1999 conviction for possession of cocaine with intent to distribute, and his 2004 conviction for driving while impaired. Rec., vol. II at ¶¶ 27-31. All

three of these convictions were properly included in the PSR's calculations. *See* U.S.S.G. §§ 4A1.1(a), (c), (e). The district court committed no error in adopting those calculations.

To the extent Mr. Aguirre asserts that he bargained for a 33 month sentence rather than a 46 month sentence, and that his counsel "manipulated" his case and failed to advise him as to the effect of his plea and the possible length of the sentence he might face, he is essentially raising an ineffective assistance of counsel claim. Such claims should be brought in a habeas corpus proceeding under 28 U.S.C. § 2255, not in a direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). We therefore will not address these claims here.

We have fully examined the record to determine whether there are any issues arguable on their merits and have concluded that Mr. Aguirre's appeal is wholly frivolous. Accordingly, we **DISMISS** the appeal and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge