FILED
United States Court of Appeals
Tenth Circuit

February 26, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE JAVIER RODRIGUEZ-
QUEVEDO,

Defendant-Appellant.

No. 08-2010

(D. of N.M.)

(D.C. No. CR-07-881-MCA)

ORDER AND JUDGMENT[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH,** Circuit Judges.[**]

Jose Javier Rodriguez-Quevedo pleaded guilty to illegal re-entry of a

removed alien, a violation of 8 U.S.C. § 1326(a) and (b). The district court

sentenced Rodriguez-Quevedo to 41 months' imprisonment. Rodriguez-Quevedo

appealed, challenging the reasonableness of his sentence. Subsequently, counsel

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

moved for leave to withdraw from the case in a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Having jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we conclude the record presents no non-frivolous grounds for relief, grant counsel's motion to withdraw, and dismiss Rodriguez-Quevedo's appeal.[1]

## BACKGROUND

Rodriguez-Quevedo was indicted in the United States District Court for the District of New Mexico for re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). After he pleaded guilty, a pre-sentence report (PSR) was prepared. Pursuant to USSG § 2L1.2(a), the PSR calculated Rodriguez-Quevedo's base offense level as 8. This base offense level was enhanced 16 levels under § 2L1.2(b)(1)(A) because Rodriguez-Quevedo had been previously deported after a 1988 conviction for burglary of a dwelling, a crime of violence. After applying a 3-level downward adjustment for acceptance of responsibility, *see* USSG § 3E1.1, the PSR determined the total offense level was 21 and the criminal history category was III. Based on this calculation, Rodriguez-Quevedo's advisory guideline range was 46 to 57 months' imprisonment.

Prior to sentencing, Rodriguez-Quevedo filed a memorandum objecting to the proposed 16-level enhancement for his 1988 residential burglary conviction as

---

[1] Rodriguez-Quevedo submitted a letter suggesting he wished to withdraw his appeal but never filed a motion to withdraw. Accordingly, we resolve the appeal as noted below.

a crime of violence.[2]  Additionally, he argued the 18 U.S.C. § 3553(a) sentencing factors compelled a downward variance and that a sentence of twelve months and one day would be sufficient to adequately deter him from future crimes.

At sentencing, Rodriguez-Quevedo conceded that he had no objections to the factual findings in the PSR.  More importantly, Rodriguez-Quevedo withdrew his objection to the classification of his previous burglary conviction as a crime of violence under § 2L1.2(b)(1)(A).  But he did ask the court to note that residential burglary, although an enumerated crime of violence, was less serious than other enumerated crimes in the § 2L1.2 definition.  Finally, Rodriguez-Quevedo again argued his criminal history was over-represented and that the § 3553(a) sentencing factors compelled a downward variance.

The sentencing court adopted the PSR's factual findings, and to a certain extent, agreed with Rodriguez-Quevedo's argument that his criminal history was significantly over-represented.  The court departed downward pursuant to USSG § 4A1.3 because Rodriguez-Quevedo's only felony conviction was almost two decades old and his only other convictions were for misdemeanor crimes.

Based on this consideration, the district court determined Rodriguez-Quevedo's criminal history was more accurately represented by a category of II,

_____

[2]  It appears from the record Rodriguez-Quevedo's counsel initially believed his client's prior burglary conviction involved an automobile rather than a residential dwelling.  However, after some clarification, his counsel conceded that the burglary involved a dwelling.

resulting in an advisory guideline range of 41 to 51 months. Although Rodriguez-Quevedo continued to press for an even lesser sentence, the district court, after examining the § 3553(a) factors, imposed a 41-month term—the bottom of the guideline range.

**DISCUSSION**

In his original objection to the PSR, Rodriguez-Quevedo raised two major issues. First, he argued that his prior burglary conviction did not qualify as a crime of violence under § 2L1.2(b)(1)(A). However, after clarification of the nature of the offense, Rodriguez-Quevedo withdrew this objection. Second, he argued that his criminal history category of III over-represented his criminal history. Because this first objection was withdrawn, we only address the latter issue here.

As an initial matter, Rodriguez-Quevedo's counsel asserts in his *Anders* brief that the relevant standard of review should be plain error. The plain error standard applies to legal objections that were not properly raised below and are only raised for the first time on appeal. *See, e.g.*, *United States v. Brown*, 316 F.3d 1151, 1155 (10th Cir. 2003). Here, however, Rodriguez-Quevedo timely objected to the PSR's criminal history calculation. Accordingly, we review Rodriguez-Quevedo's sentence for reasonableness, applying the abuse-of-discretion standard. *United States v. A.B.*, 529 F.3d 1275, 1277 (10th Cir. 2008).

-4-

We agree with Rodriguez-Quevedo's counsel that no non-frivolous issues are present. Our review for reasonableness includes "both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) (quotation omitted). A court commits procedural error by, for example, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, --- U.S. ---, 128 S. Ct. 586, 597 (2007); *A.B.*, 529 F.3d at 1278. A court commits substantive error if it imposes an unreasonably long sentence in light of the § 3553(a) factors. *See A.B.*, 529 F.3d at 1278.

Here, the district court properly calculated the guidelines range, did not treat the Guidelines as mandatory, and expressly considered the § 3553(a) factors. Further, Rodriguez-Quevedo waived any objection to the facts in the PSR and did not challenge the district court's explanation of why it was imposing a 41-month sentence. Finally, our own review reveals no procedural defects. Consequently, we find Rodriguez-Quevedo's sentence was procedurally reasonable.

Similarly, we hold the district court did not abuse its discretion and imposed a substantively reasonable sentence. We presume that sentences within

the guidelines range are substantively reasonable, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), and nothing in the record rebuts that presumption. To the contrary, Rodriguez-Quevedo's sentence of 41 months' imprisonment, the bottom of the suggested guidelines range and already based on a downward departure from his PSR-calculated criminal history of III, was substantively reasonable in light of the factors identified in § 3553(a).

## CONCLUSION

For the reasons set forth above, we DISMISS Rodriguez-Quevedo's appeal and GRANT his counsel's motion to withdraw from the case.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge